GIBSON, DUNN & CRUTCHER LLP
ORIN SNYDER (*Pro Hac Vice* Application Pending)
osnyder@gibsondunn.com
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

THEANE EVANGELIS KAPUR, SBN 243570
tkapur@gibsondunn.com
KATIE TOWNSEND, SBN 254321
ktownsend@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Attorneys for Defendant,
Starbucks Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARLY E. SIMON,<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>Defendant. | CASE NO. CV09-09074 GW (PLAx)<br><br>DEFENDANT STARBUCKS CORPORATION'S NOTICE OF FILING OF NOTICE TO ADVERSE PARTIES OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 |

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2       PLEASE TAKE NOTICE that on December 10, 2009 Starbucks Corporation

3   ("Starbucks"), defendant in the above-captioned action, served on Plaintiff Carly E.

4   Simon ("Simon") and her counsel of record, and filed in the Superior Court for the

5   County of Los Angeles, written notice that Defendant Starbucks has removed the Los

6   Angeles Superior Court action No. SC105214 filed by Simon from the Superior Court

7   to the United States District Court for the Central District of California.

8       A true and correct copy of the Notice filed in the Superior Court and served on

9   Plaintiff and her counsel of record is attached hereto as **Exhibit A**.

10

11  DATED:  December 11, 2009

12                                  GIBSON, DUNN & CRUTCHER LLP

13

14                                  By:_____

15                                      Theane Evangelis Kapur
                                        Attorneys for Defendant Starbucks Corporation

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

COPY

1  GIBSON, DUNN & CRUTCHER LLP
2  THEANE EVANGELIS KAPUR, SBN 243570
   tkapur@gibsondunn.com
3  KATIE TOWNSEND, SBN 254321
   ktownsend@gibsondunn.com
4  333 South Grand Avenue
   Los Angeles, California 90071-3197
5  Telephone: (213) 229-7000
   Facsimile: (213) 229-7520
6
   Attorneys for Defendant,
7  Starbucks Corporation

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 1 0 2009

John A. Clarke, Executive Officer/Clerk

By Jennifer Denham, Deputy

SUPERIOR COURT, STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| Carly E. Simon,<br><br>        Plaintiff,<br><br>    v.<br><br>Starbucks Corporation,<br><br>        Defendant. | CASE NO. SC105214<br><br>[Assigned for all purposes to the Honorable Judge John H. Reid, Department F].<br><br>**DEFENDANT STARBUCKS CORPORATION'S NOTICE OF FILING OF NOTICE OF REMOVAL OF ACTION AND NOTICE TO ADVERSE PARTIES**<br><br>DATE OF FILING<br>OF COMPLAINT:        October 9, 2009<br><br>TRIAL DATE:        None set. |

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HER

2  COUNSEL OF RECORD:

3      PLEASE TAKE NOTICE that on December 10, 2009 Starbucks Corporation ("Starbucks"),

4  defendant in the above-captioned action, filed a Notice of Removal of this action in the United States

5  District Court for the Central District of California, and served copies of said Notice on Plaintiff and

6  her counsel of record.

7      A copy of the Notice of Removal and all concurrently filed documents are attached hereto as

8  **Exhibit A**.  Accordingly, as Defendant now files a copy of this Notice of Removal with the Clerk of

9  this Court, and serves this Notice on Plaintiff and her Counsel of Record, removal has been effected

10 pursuant to 28 U.S.C. § 1446(d), and this Court may proceed no further in this action unless and until

11 this action is remanded.

12

13 DATED:  December 10, 2009

14                                      GIBSON, DUNN & CRUTCHER LLP

15

16                          By:_____
                                    Theane Evangelis Kapur
17                            Attorneys for Defendant Starbucks Corporation

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

# EXHIBIT A

COPY

GIBSON, DUNN & CRUTCHER LLP
ORIN SNYDER (*Pro Hac Vice* Application Pending)
osnyder@gibsondunn.com
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

THEANE EVANGELIS KAPUR, SBN 243570
tkapur@gibsondunn.com
KATIE TOWNSEND, SBN 254321
ktownsend@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Attorneys for Defendant,
Starbucks Corporation

FILED

2009 DEC 10  PM 1:00

CLERK, U.S DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

Carly E. Simon,

        Plaintiff,

    v.

Starbucks Corporation,

        Defendant.

CV09  09074  GW PLAx

CASE NO. _____

Defendant Starbucks Corporation's
Notice of Removal of Action Pursuant to
28 U.S.C. §§ 1332 and 1441.

[Los Angeles Superior Court, Case No.
SC105214]

Gibson, Dunn &
Crutcher LLP

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332 and 1441 defendant Starbucks Corporation ("Starbucks" or "Defendant") removes to the United States District Court for the Central District of California, Western Division, the state court action described below.  Removal is based upon the following grounds:

## I.  Procedural Background

1.     On October 9, 2009, Plaintiff Carly E. Simon ("Simon" or "Plaintiff") filed a complaint against Defendant in the Superior Court for the State of California, County of Los Angeles ("Complaint").  The Complaint is captioned *Carly E. Simon v. Starbucks Corporation* (Case No. SC105214), and was assigned to the Honorable Judge John H. Reid in Department F.  On November 12, 2009, Plaintiff served the Complaint on Defendant's registered agent.  A true and correct copy of the Complaint and the summons and other papers served by Plaintiff with that pleading are attached to this Notice as **Exhibit A.**

2.     Defendant has taken no action in the state court, and the state court has not entered any orders in that action.

## II.  Jurisdictional Statement

3.     This is a civil case of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.  Defendant is authorized to remove this action to this Court pursuant to 28 U.S.C. § 1441(a).

4.     As explained in greater detail below, this action satisfies the requirements for jurisdiction set forth in 28 U.S.C. § 1332(a):  (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and (2) the requisite diversity exists.

Gibson, Dunn & Crutcher LLP

7

**A.     The Amount In Controversy Exceeds The Sum Or Value Of $75,000, Exclusive Of Interest Or Costs**

5.     It is facially apparent from the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs, as Plaintiff's prayer for relief specifically alleges compensatory damages in excess of this minimum jurisdictional amount.

For her first cause of action, "Deceit – Concealment of Material Facts," Plaintiff has specifically alleged general damages "in an amount in excess of the minimum jurisdiction" of the state court in which she filed her Complaint.  (Cmplt. at 13.) Plaintiff filed her Complaint in a California Superior Court of unlimited jurisdiction, in which the minimum jurisdiction is $25,000, exclusive of attorneys' fees, interest, and costs. *See* Cal. Code Civ. Pro. §§ 85, 86, and 88.  Thus, Plaintiff has specifically alleged general damages for "Deceit" in an amount in excess of $25,000.[1]  In addition, Plaintiff also seeks special damages "in an amount in excess of the minimum jurisdiction of [the Superior] Court," as well as an unspecified amount in punitive damages.  (Cmplt. at 13.)  In sum, for her first cause of action alone, Plaintiff alleges compensatory damages in excess of $50,000, in addition to punitive damages.

Similarly, for her second cause of action, "Tortious Interference with Contract," Plaintiff specifically alleges general damages "in an amount in excess of the minimum jurisdiction of [the Superior] Court (Cmplt. at 13), special damages "in an amount in excess of the minimum jurisdiction of [the Superior] Court (*id.*), and an unspecified

---

[1] Allegations of this type are sufficient to establish the amount in controversy for purposes of determining whether a defendant is authorized to remove a state court action pursuant to 28 U.S.C. § 1441 on the basis of diversity. *See Lamke v. Sunstate Equip. Co., LLC*, 319 F. Supp. 2d 1029, 1031–32 (N.D. Cal. 2004) (finding that where the plaintiff alleged compensatory damages for emotional distress "in an amount in excess of the minimum jurisdiction of the state court," and "invoked the unlimited jurisdiction of the state court," his claim for emotional distress was for "more than $25,000" for purposes of determining the amount in controversy under 28 U.S.C. § 1441).

Gibson, Dunn &
Crutcher LLP

3

amount in punitive damages.  Plaintiff thus seeks compensatory damages in an amount in excess of $50,000 for her second cause of action.

In sum, Plaintiff seeks compensatory damages in an amount in excess of $100,000, exclusive of interest and costs, for her first two causes of action alone. Thus, the amount in controversy requirement set forth in 28 U.S.C. § 1332(a) is met— even before taking into account Plaintiff's third cause of action under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, which seeks, *inter alia*, "restitution of benefits unfairly obtained by Defendant" and "restoration of money and property" allegedly "acquired by Defendant's unfair business practices," or Plaintiff's claims for unspecified amounts in punitive damages.

**B.      The Requisite Diversity Exists**

6.      Diversity exists pursuant to 28 U.S.C. § 1332(a) and (c), and 28 U.S.C. § 1441(b).  The Complaint alleges that Plaintiff, an individual, is a citizen of Massachusetts.  (Cmplt. at ¶ 2.)  Pursuant to 28 U.S.C. § 1332(c) a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its "principal place of business."  Defendant Starbucks is presently, and as alleged in the Complaint, was at the time the Complaint was filed, a Washington corporation headquartered in the state of Washington.  (Cmplt at ¶ 3.)  Because Starbucks' principal place of business is located in the state of Washington, it is a citizen of Washington.  28 U.S.C. § 1332(c).

At present, the Ninth Circuit applies "two tests to determine the state of a corporation or partnership's principal place of business."  *Davis v. HSBC Bank*, 557 F.3d 1026, 1028–29 (9th Cir. 2009).

> First we apply the "place of operations" test.  Under that test, a corporation's principal place of business is the state containing "'substantial predominance of corporate operations.'"  If no state contains a "substantial predominance" of corporate operations, we apply the "nerve center" test, which locates the corporation's principal place of business in the state where "the majority of its executive and administrative functions are performed."

*Id.* (quoting *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001)).

The Ninth Circuit's current "substantial predominance" or "place of operations" test "requires a comparison of [the] corporation's business activity in the state at issue to its business activity in other individual states," and courts "employ a number of factors to determine if a given state contains a substantial predominance of corporate activity." *Id.* These factors include "the location of employees, tangible property, production activities, sources of income, and where sales take place." *Id.*

Starbucks acknowledges that—despite the fact that it is both incorporated in, and headquartered in, the state of Washington—federal district courts in California have issued conflicting rulings regarding Starbucks' citizenship for purposes of federal diversity jurisdiction.[2] The validity of the Ninth Circuit's "substantial predominance" test for determining a corporation's "principal place of business," however, is presently being considered by the United States Supreme Court. The Court's forthcoming decision in *Hertz Corporation v. Friend*, 08-1107 ("*Hertz*") almost certainly will provide clarification as to the proper test for determining Starbucks' principal place of business, and thus its citizenship, for purposes of diversity jurisdiction in this action.

In *Friend v. Hertz Corp.*, 297 Fed. Appx. 690, 691 (9th Cir. 2008), the Ninth Circuit affirmed a district court's determination that, for purposes of federal diversity jurisdiction, Hertz Corporation ("Hertz") is a citizen of the state of California. Even

---

[2] For example, a district court in the Northern District of California has found, for purposes of removal jurisdiction based on diversity, that Starbucks is a citizen of Washington. *See Beck v. Starbucks Corporation*, C-08-2930 MMC, 2008 U.S. Dist. LEXIS 111053, at *1 (N.D. Cal. Sept. 19, 2008) (noting that in "its Notice [of Removal], Starbucks alleges sufficient facts to support a finding that Starbucks is a citizen of Washington" for diversity purposes). A district court in the Central District of California, on the other hand, has concluded that "the overall predominance of [Starbucks'] business activity occurs in California," and, as a result, that Starbucks is a citizen of California. *Mbalati v. Starbucks Corporation*, CV 07-3267 RGK (FFMx) (C.D. Cal. June 12, 2007).

Gibson, Dunn & Crutcher LLP

5

though Hertz is incorporated in Delaware and maintains its corporate headquarters in New Jersey, the Ninth Circuit held that the district court had "correctly applied the 'place of operations' test to determine Hertz's principal place of business," and properly concluded that because "Hertz's relevant business activities are 'significantly larger' in California than in the next largest state, Florida," California "contains a substantial predominance of Hertz's operations," and is thus Hertz's principal place of business. *Id.* at 691 (quoting *Tosco Corp.*, 236 F.3d at 500). Hertz filed a petition for writ of certiorari in the United States Supreme Court presenting the question: "Whether, for purposes of determining principal place of business for diversity jurisdiction citizenship under 28 U.S.C. § 1332, a court can disregard the location of a nationwide corporation's headquarters." The Court granted review on June 8, 2009 (*Hertz Corp. v. Friend*, 129 S. Ct. 2766 (2009)), and it heard oral argument on November 10, 2009.

The United States Supreme Court's forthcoming decision in *Hertz* will, at the very least, clarify the applicable test for determining the principal place of business of Starbucks—a Washington corporation headquartered in Washington—and thus its citizenship for purposes of federal diversity jurisdiction under 28 U.S.C. § 1332. Given the relevance of *Hertz* to Starbucks's removal of this action pursuant to 28 U.S.C. § 1441, Starbucks intends promptly to move this Court to stay proceedings in this action pending a ruling in *Hertz*.

### III. Removal Procedure

7. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and other papers received by Defendant in the state court action, including the Complaint, are attached to this Notice of Removal as **Exhibit A.**

8. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of the defendant's receipt of the initial pleading. "Receipt" of the complaint means proper service as required by state law; any other means of "receipt" is insufficient to trigger the removal period. *See Murphy Bros.,*

Gibson, Dunn &
Crutcher LLP

6

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347, 354 (1999) (holding that faxed file-stamped copy of complaint did not trigger removal period).  Defendant "received" the Complaint in this action when it was served via its registered agent on November 12, 2009.  Defendant files this Notice of Removal on December 10, 2009, within the 30-day deadline set forth in 28 U.S.C. § 1446(b).

9.     Defendant will promptly serve a copy of this Notice of Removal on counsel for Plaintiff and will file a copy of this Notice of Removal, along with the Notice of Filing of Notice of Removal, with the clerk of the Los Angeles County Superior Court pursuant to 28 U.S.C. § 1446(d).

### IV. Notice of Related Cases

Pursuant to Civil Local Rule 83-1.3, this constitutes notice that Starbucks is currently unaware of any related cases before the District Court for the Central District of California.

WHEREFORE Defendant Starbucks removes the original action brought by Plaintiff Simon now pending in the Los Angeles County Superior Court to the United States District Court for the Central District of California.

DATED:  December 10, 2009

GIBSON, DUNN & CRUTCHER LLP

By:_____
Theane Evangelis Kapur
Attorneys for Defendant Starbucks Corporation

Gibson, Dunn &
Crutcher LLP

7

**Exhibit A**

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

------------------------------------------------------------X

CARLY SIMON,

                  Plaintiff,

     -v-

STARBUCKS CORPORATION,

                  Defendant.

------------------------------------------------------------X

Case No. SC105214

AFFIDAVIT OF SERVICE

State of California     )
                      ) ss.:
County of Los Angeles  )

     \_\_\_\_NAME\_\_\_\_, being duly sworn, deposes and says:

     1. I am not a party to this action and I am over 18 years of age.

     2. I am employed by the law firm of Boies, Schiller & Flexner LLP, 1999 Harrison St., Suite 900, Oakland, California, 94612, attorneys for the Plaintiff.

     3. On November 11, 2009 I served true copies of the Summons, Civil Case Coversheet, Civil Case Coversheet Addendum, and Complaint by personally delivering said copies to the Starbucks Corp., 2730 Gateway Oaks Dr., Suite 100, Sacramento, California, 95833, the Defendants.

                                                      **NAME**

Sworn to before me this
11th day of November, 2009

Notary Public

CM-010

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>David W. Shapiro (SBN 219265)<br>Boies Schiller & Flexner LLP<br>1999 Harrison Street, Suite 900<br>Oakland, California 94612<br>TELEPHONE NO.: (510) 874-1000   FAX NO.: (510) 874-1460<br>ATTORNEY FOR (Name): Carly B. Simon | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>OCT 09 2009<br><br>John A. Clarke, Executive Officer/Clerk<br><br>By Jennifer Denham, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS: 1725 Main Street
CITY AND ZIP CODE: Santa Monica, CA 90401
BRANCH NAME: West District, Santa Monica Courthouse

CASE NAME:
Carly E. Simon v. Starbucks Corporation

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>SC105214 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: John H. Reid<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort | |
| ☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | Real Property |
| | ☐ Eminent domain/Inverse<br>condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26) |
| Non-PI/PD/WD (Other) Tort | | Enforcement of Judgment |
| ☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☑ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | Unlawful Detainer | ☐ Enforcement of judgment (20) |
| | ☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38) | Miscellaneous Civil Complaint |
| | | ☐ RICO (27)<br>☐ Other complaint (not specified above) (42) |
| | Judicial Review | Miscellaneous Civil Petition |
| Employment | ☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02)<br>☐ Other judicial review (39) | ☐ Partnership and corporate governance (21)<br>☐ Other petition (not specified above) (43) |
| ☐ Wrongful termination (36)<br>☐ Other employment (15) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 3
5. This case ☐ is   ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 10/09/2009

David W. Shapiro
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br><br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

11/11/2009  11:02  9259473480  6 ONE HOUR DELIVERY  PAGE 03/23

| SHORT TITLE: Simon v. Starbucks | CASE NUMBER SC105214 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 1.5   ☐ HOURS/☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

Step 1: After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

Step 2: Check one Superior Court type of action in Column B below which best describes the nature of this case.

Step 3: In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

Step 4: Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☑ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04

## CIVIL CASE COVER SHEET ADDENDUM
## AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 1 of 4

11/11/2009 11:02   9259473480   ONE HOUR DELIVERY   10   PAGE 04/23

| SHORT TITLE: Simon v. Starbucks | | CASE NUMBER: |
|---|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)　　　　　　　　**CIVIL CASE COVER SHEET ADDENDUM**　　　　　　LASC, rule 2.0
LASC Approved 03-04　　　　　　　　　　　**AND STATEMENT OF LOCATION**　　　　　　　Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Simon v. Starbucks | |

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Judicial Review (Cont'd.)** | | |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | ☐ A6160  Abstract of Judgment | 2., 6. |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | ☐ A6190  Election Contest | 2. |
| | ☐ A6110  Petition for Change of Name | 2., 7. |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | ☐ A6100  Other Civil Petition | 2., 8. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

| SHORT TITLE:<br>Simon v. Starbucks | CASE NUMBER: |
|---|---|

Item III. *Statement of Location*: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>100 N. Crescent Dr.<br>Beverly Hills, CA 90210 |
|---|---|
| CITY:<br>Beverly Hills | STATE:<br>CA | ZIP CODE:<br>90210 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Santa Monica courthouse in the West District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: 10/9/2009

(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):

Starbucks Corporation

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

Carley E. Simon

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 08 2009

John A. Clarke, Executive Officer/Clerk

By Jennifer Hermann, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: (El nombre y dirección de la corte es): Los Angeles County Superior Court<br>West District, Santa Monica Courthouse<br>1725 Main Street, Santa Monica, CA 90401 | CASE NUMBER (Número del Caso): SC105214 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
David W. Shapiro, Boies, Schiller & Flexner LLP, 1999 Harrison Street, Suite 900, Oakland CA 94612

| | | | |
|---|---|---|---|
| DATE: OCT 08 2009<br>(Fecha) | Clerk, by JOHN A. CLARKE<br>(Secretario) | Denham | , Deputy<br>(Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [✓] on behalf of (specify): Starbucks Corporation

under: [✓] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)

[ ] other (specify):
4. [ ] by personal delivery on (date):

SUMMONS

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

11/11/2009 11:02   9259473480   ONE HOUR DELIVERY   PAGE 08/23

David W. Shapiro (SBN 219265)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, California 94612
Tel.    (510) 874-1000
Fax.    (510) 874-1460
Email  dshapiro@bsfllp.com

Counsel for Plaintiff,
Carly E. Simon

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 05 2009

John A. Clarke Executive Officer/Clerk

By Jennifer Denham, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES

UNLIMITED JURISDICTION

John H. Reid

| | |
|---|---|
| CARLY E. SIMON,<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>Defendants. | CASE NO.: **SC105214**<br><br>**COMPLAINT AND JURY DEMAND**<br><br>(Civil Code §§ 1709, 1710,<br>Tortious Interference with<br>Contract, Business & Professions<br>Code §17200 et seq.)<br><br>CASE MANAGEMENT CONFERENCE<br><br>JAN 2 6 2010    8:30 am<br>Date    Dept. |

**COMPLAINT**

Plaintiff Carly E. Simon, by and through her undersigned counsel, states for her

Complaint as follows:

**Nature of the Action**

1.    This is an action for damages, attorneys' fees and costs incurred in

bringing this action. This action is based on a) Defendant's fraudulent and deceitful

concealment of material facts from the Plaintiff resulting in damage, b) Defendant's

tortious interference with Plaintiff's exclusive record licensing agreement with StarCon,

1

COMPLAINT AND JURY DEMAND

1   LLC (d/b/a/ Hear Music), and c) Defendant's unlawful, unfair and fraudulent business

2   acts or practices in violation of California Business & Professions Code §§17200, *et*

3   *seq.*

4

5   <u>The Parties</u>

6   2.   Ms. Simon is a citizen of the state of Massachusetts. Ms. Simon is an

7   accomplished singer-songwriter with several gold and platinum records who has been

8   recognized by the National Academy of Recording Arts and Sciences with two Grammy

9   Awards, the American Academy of Motion Picture Arts and Sciences with an Oscar,

10   and the Hollywood Foreign Press Association with a Golden Globe Award. Ms. Simon

11   was inducted into the Songwriter Hall of Fame in 1994.

12   3.   Defendant Starbucks Corporation ("Starbucks") is a Washington

13

14   corporation headquartered in Seattle, Washington.

15   <u>Jurisdiction and Venue</u>

16   4.   Jurisdiction and venue is proper in this Court pursuant to California

17

18   Business and Professions Code §§ 17204 and 17535, California Code of Civil

19   Procedure §§ 395 and 410.10. Starbucks does business in the State of California and in

20   the County of Los Angeles.

21

22   <u>Factual Background</u>

23   A.   **Starbucks Launches Hear Music; Boasts that the Label is a Unique**

24        **Innovator in the Marketing and Distribution of Music**

25   5.   Upon information and belief, in 2007 Starbucks and Concord Music

26   Group ("Concord Music") entered into an agreement to form a new record label, a

27

28   limited liability corporation named StarCon LLC d/b/a Hear Music.

2

COMPLAINT AND JURY DEMAND

6.      Concord Music is a record company that is primarily a Jazz label whose distribution is primarily handled by Universal Music Group.  Concord Music's distribution strategy emphasizes sales through retail record stores and big box outlets.

7.      Starbucks and Concord Music had a history of significant success with their prior collaborations, including Ray Charles' album "Genius Loves Company" which sold more than 5.5 million copies worldwide and Sergio Mendes' album "Timeless" which sold approximately one million copies.

8.      In a press release dated March 12, 2007, Starbucks publicly announced the formation of the music label, Hear Music, with Concord Music as a "natural step in [Starbucks'] entertainment strategy" which will "forge relationships directly with artists and distribute unique compelling recordings to the widest audience possible."

9.      In the same release, Starbucks boasted that "Hear Music will provide a powerful new way for great music to be marketed and distributed," and that "[w]ith more than 13,000 locations in 39 countries and more than 44 million customer visits per week, Starbucks offers a unique set of assets.  Starbucks' distinctive customer loyalty and trusted curatorial voice has had a significant impact on the music marketplace.  Along with the Starbucks retail footprint, Concord Music Group's exemplary label platform will ensure broader global presence for all Hear Music artists."

10.     The press release further stated that recordings would be distributed at Starbucks locations as well as through traditional music channels.

11.     Starbucks placed key executives from their entertainment division, Starbucks Entertainment, at the helm of Hear Music.  The President of Starbucks

3

COMPLAINT AND JURY DEMAND

1  Entertainment, Ken Lombard, served as President of Hear Music. The Vice President of

2  Content Development at Starbucks Entertainment, Alan Mintz, served the same role at

3  Hear Music.

4

5        12.    On March 21, 2007, approximately two weeks after Starbucks announced

6  the formation of Hear Music, Hear Music announced the signing of its first artist, Paul

7  McCartney. In an article in BBC News, Glen Barros, president of Concord Music,

8  stated that recording artists should be attracted by the idea of a built-in audience in

9  Starbucks, and that "[t]his is a pretty powerful new platform, when you can reach 44

10  million customers per week through Starbucks stores." In the same article, Mr.

11  McCartney expressed that he was impressed with Hear Music's plan to use Starbucks'

12  13,500 retail outlets to sell the album.

13

14  **B.**    **Ms. Simon Agrees to Sign with Hear Music For Starbucks' Marketing Assets**

15

16        13.    At approximately the same time that Starbucks announced the Hear Music

17  label, Ms. Simon was considering recording an album of new material. As of April

18  2007, Ms. Simon had recorded dozens of albums, including approximately forty albums

19  of original songs. Her last album was an album of covers, called *Into White* for

20  Columbia Records. *Into White* was released in 2007 and it became Billboard

21  Magazine's "Hot Shot Debut" entering the chart at number 13.

22

23        14.    Ms. Simon's desire to record a new album generated great interest among

24  many prominent record labels. Hear Music expressed interest in Ms. Simon's album in

25  April 2007.

26

27

28

4

COMPLAINT AND JURY DEMAND

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

15. Hear Music aggressively pursued Ms. Simon to sign with its label, highlighting Hear Music's plan to use Starbucks' 13,500 retail outlets to sell albums, the release of her music through its online downloads store, and the utilization of Hear Music coffee houses where customers can burn tracks onto CDs.

16. Hear Music's innovative marketing plan to use the unique digital resources offered by Starbucks and marketing and retail sales through their coffee retail outlets was the central motivation behind Ms. Simon's decision to sign with Hear Music.

17. Ms. Simon's negotiations with Hear Music reflect Ms. Simon's primary motive in signing with Hear Music: the use of Starbucks' other assets in the marketing and distribution of her album. In an email to Hear Music dated July 17, 2007, Ms. Simon expressed through her attorney that it was very important to her to know the specifics of the marketing plan and to have such a plan attached to the contract.

18. On August 7, 2007, Ms. Simon entered into an exclusive record license agreement with Hear Music ("the Agreement") to produce, market, and distribute an album of original material (the "Album").

C. **Hear Music's Marketing Plan for Ms. Simon's Album**

19. Pursuant to the Agreement, Hear Music delivered a marketing plan to Ms. Simon. The Marketing Plan confirmed, among other things, that Ms. Simon's Album would be extensively marketed and distributed at "Starbucks Company operated locations in the US and Canada," including Album placement and availability in over 7,000 Starbucks stores, marketing on 1,000 Starbucks screens, and digital marketing

5

1  and sales through, among others, starbucksentertainment.com, iTunes, Facebook,

2  MySpace, online listening parties and Carly Simon fan websites.

3  **D.    Starbucks Withdraws From Hear Music With No Prior Notice to Ms. Simon**

4

5          20.    Ms. Simon successfully recorded her album, *This Kind of Love*, with

6  thirteen tracks of original music.  Her record was scheduled to be released through Hear

7  Music on April 29, 2008.

8          21.    Recognizing that the success of an Album is largely determined by its

9

10  marketing and distribution within the first few months of its release, Ms. Simon planned

11  an ambitious schedule of performances, interviews, taped shows and record signings to

12  coincide with the release of her Album.

13          22.    On April 6, 2008, Ms. Simon, with the participation of Hear Music, taped

14  an electronic press kit featuring a recording of four songs from her Album and an

15

16  interview in which she stated that her Album would be widely available at Starbucks

17  coffee shops.

18          23.    Unbeknownst to Ms. Simon, on April 24, 2008, just five days prior to the

19

20  release of Ms. Simon's Album, Starbucks withdrew from the operations of Hear Music.

21          24.    The precise date on which Starbucks decided to withdraw from Hear

22  Music is uniquely known to Starbucks, and will be revealed through discovery, but

23  upon information and belief Starbucks made the decision to withdraw well before it

24

25  announced the decision.  In order to conceal its decision from Ms. Simon, Starbucks

26  concealed this information from all Hear Music employees in day-to-day contact with

27  Ms. Simon and her representatives.

28

6

COMPLAINT AND JURY DEMAND

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

25.     Upon information and belief, Starbucks terminated key employees of Hear Music, including its President Ken Lombard, on the same day that it withdrew from the operations of Hear Music. Starbucks terminated the Vice President of Content Development, Alan Mintz, shortly thereafter.

26.     The withdrawal of Starbucks from Hear Music meant that in effect Ms. Simon became signed to Concord Music. Concord, as Starbucks knew, had none of the assets that constituted the reason for Ms. Simon's decision to enter into the Agreement and, as Starbucks also knew, simply lacked the ability to effectively promote her Album.

27.     Thus, despite knowing that Ms. Simon would be materially harmed by its action, Starbucks not only withdrew from Hear Music, but fired the employees who had been responsible for promoting Ms. Simon's album, and did so in such a way that it was impossible to make alternative arrangements for the marketing and promotion of the Album prior to its release. With no regard to the interests of Ms. Simon, whom it had actively courted with promises of cutting edge marketing, Starbucks left Hear Music in a state of chaos at the critical time of the release of Ms. Simon's album.

28.     On April 30, 2008, Ms. Simon held an event at Starbucks' flagship store in New York City. Ms. Simon performed songs from her Album and held a signing afterwards. To Ms. Simon's surprise, her Album was not available at the Starbucks cafe.

///

///

7

COMPLAINT AND JURY DEMAND

29.   Upon information and belief, Mr. Mintz and his special assistant were asked to attend Ms. Simon's event at the Starbucks' New York City flagship store in order to mask Starbucks' withdrawal from Hear Music.

30.   It was not until several days after her event on April 30 that Ms. Simon discovered that Starbucks had withdrawn from Hear Music.

31.   By then, Ms. Simon had no choice but to continue with her vigorous schedule of personal appearances and performances to promote the Album pursuant to the Agreement. During the first month of the Album's release alone, Ms. Simon performed at a launch party in New York City, at the Philadelphia World Café Concert as well as at several smaller venues, including at various Starbucks cafes. Ms. Simon also appeared on television shows including the Today Show, Good Morning America, Rachel Ray, Regis and Kelly, Jay Leno, Tavis Smiley, Ellen DeGeneres, the Michael Eisner show, Howard Stern, the Michael Bloomberg show. Additionally, Ms. Simon engaged in a series of print and radio interviews.

32.   Despite Ms. Simon's efforts to promote her Album, she could not overcome the handicap placed on the sales of her Album by Starbucks' withdrawal from Hear Music.

33.   Starbucks' departure from Hear Music materially interfered with Hear Music's ability to satisfactorily perform its obligation under the Agreement to publicize and provide wide distribution of the Album, including mass marketing and distribution through Starbucks' vast retail and digital network.

///

8

COMPLAINT AND JURY DEMAND

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

34.    During the first several months of the Album's release, a period critical to an album's success, Hear Music did not have the Album available in a substantial number of United States Starbucks stores.  Additionally, Hear Music was unable to market or make available the Album on Starbucks' vast digital networks, as it had promised to do so.

35.    Starbucks did not attempt to remedy the situation until June 2008 when it stocked the Album in additional Starbucks stores in the critical markets of New York and Boston.

36.    By June, the damage to Ms. Simon's Album had already been done.  An Album's success is primarily determined by its marketing and distribution within the first months of an Album's release.  By hampering Hear Music's promotional and distribution abilities immediately prior to the release of the Album, Starbucks had in effect poisoned Ms. Simon's Album.

37.    Additionally, when Starbucks did finally stock additional Albums at its stores, months after the Album's release date, unbeknownst to Ms. Simon, it priced Ms. Simon's Album at a mid-price sales point.  By doing so, Starbucks stigmatized Ms. Simon's Album as an album that could not be sold at full price.

38.    As a direct result of Starbucks' actions, sales of the Album were far below what was projected based on Ms. Simon's prior albums.  Starbucks' mishandling of Ms. Simon's Album prior to its release has caused irreparable damage as it is highly unlikely that an album can have any success in sales if the marketing and distribution are ineffective within the first few months of its release.

9

COMPLAINT AND JURY DEMAND

## CLAIMS FOR RELIEF

**First Cause of Action**
**California Civil Code §§ 1709 and 1710**
**(Deceit – Concealment of Material Facts)**

39.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 38 as if fully set forth herein.

40.    Starbucks concealed from Ms. Simon its intention to withdraw from the operation of Hear Music and fire all of the key employees at Hear Music including its President Ken Lombard and Vice President Alan Mintz.

41.    Starbucks' intent to withdraw from the operation of the Hear Music label was only known by Starbucks and was not reasonably discoverable by Ms. Simon.

42.    Although Starbucks knew that it intended to withdraw from the operation of Hear Music, it intentionally did not disclose this material fact to Ms. Simon. Starbucks was aware that Ms. Simon entered into the Agreement with Hear Music primarily for the benefit of Starbucks' marketing power and knew that its abrupt departure just five days prior to the release of the Album would severely disrupt Ms. Simon's contractual relationship with Hear Music. Upon information and belief, Starbucks concealed this information from Ms. Simon so that she would continue to perform her obligations under the Agreement.

43.    If Ms. Simon had been made aware of Starbucks' intention to withdraw from Hear Music prior to the public announcement made five days before the release of the Album, Ms. Simon would have had time to put in place an alternate plan for the marketing and promotion surrounding the release of the album. Given the short notice, however, Ms. Simon was forced to proceed with the release without the aid of the

10

COMPLAINT AND JURY DEMAND

1   Starbucks marketing and distribution services that she had contracted for, and in the

2   midst of the chaos within the operation of Hear Music that Starbucks had caused by its

3   abrupt withdrawal.

4

5       44.     The conduct by Starbucks constitutes deceit with the intent to induce Ms.

6   Simon to rely on false information, and therefore violates Civil Code §§ 1709 and 1710.

7

8       45.     As a direct, proximate result of Starbucks' concealment of a material fact,

9   Hear Music was unable to satisfactorily perform its contractual obligation to market and

10  widely distribute the Album.  As a result, the Album suffered poor sales, far below what

11  was forecasted based on Ms. Simon's prior album sales.  Ms. Simon is entitled to

12  compensatory and punitive damages.

13                          **Second Cause of Action**

14                 **Tortious Interference with Contract**

15      46.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1

16  through 45 as if fully set forth herein.

17

18      47.     On August 9, 2007, Ms. Simon entered in an exclusive record license

19  agreement with StarCon, LLC d/b/a Hear Music.

20      48.     Starbucks knew that Ms. Simon had entered into this contract.  Mr. Mintz,

21  Vice President of both Starbucks Entertainment and Hear Music, was the primary point

22  of contact for Ms. Simon during and after the contract negotiations with Hear Music.

23

24      49.     Starbucks knew that Ms. Simon's central motivation for signing with Hear

25  Music was its ability to offer a unique marketing plan tied to the marketing and

26  distributing of Ms. Simon's Album through Starbucks' vast network of retail and digital

27  locations.

28

COMPLAINT AND JURY DEMAND

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

11/11/2009 11:02   92594734N0   ONE HOUR DELIVERY   PAGE 19/23

50.    Starbucks also knew that its withdrawal from the operations of Hear Music would disrupt the contractual relationship between Ms. Simon and Hear Music and severely interfere with Hear Music's ability to satisfactorily comply with its obligations under the Agreement to widely market and distribute Ms. Simon's Album.

51.    Starbucks' withdrawal severely hindered Hear Music from marketing or distributing the Album under the Agreement and the marketing plan. The Album was not available in a majority of Starbucks retail locations as promised or marketed or distributed through various online and digital sites.

52.    As a direct, proximate result of these acts by Starbucks, Ms. Simon has been injured.

## Third Cause of Action
### California Business & Professions Code § 17200 et seq.,
### (Unlawful & Unfair Business Practices)

53.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 52 as if fully set forth herein.

54.    Starbucks withdrew from the operation of Hear Music and fired all key employees even though it knew that this would make it impossible for Ms. Simon's Album to be properly marketed.

55.    In total disregard for the promises it made to Ms. Simon, and in total disregard for the harm it would cause to Ms. Simon, it did the foregoing without notice to Ms. Simon so that she was unable to adequately prepare for the release of her Album.

56.    Starbucks intentionally concealed its withdrawal from the operations of Hear Music from Ms. Simon after having induced her to enter into the Agreement based on its participation in the marketing and distribution of her Album.

12

COMPLAINT AND JURY DEMAND

57.     These acts constitute unfair, unlawful, and deceptive business acts or practices by the Defendant, and therefore violate Business & Professions Code §§ 17200 *et seq.*

58.     As a direct, proximate result of Starbucks' violation of Business & Professions Code §§17200 *et seq.*, Ms. Simon has suffered injury and is entitled to damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seek judgment against Defendant as follows:

On the First Cause of Action

a.      For general damages in an amount according to proof at trial, in an amount in excess of the jurisdictional minimum of this Court;

b.      For special damages in an amount according to proof at trial, in an amount in excess of the jurisdictional minimum of this Court; and

c.      For punitive damages.

On the Second Cause of Action

d.      For general damages in an amount according to proof at trial, in an amount in excess of the jurisdictional minimum of this Court;

e.      For special damages in an amount according to proof at trial, in an amount in excess of the jurisdictional minimum of this Court; and

f.      For punitive damages.

///

13

COMPLAINT AND JURY DEMAND

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

1    <u>On the Third Cause of Action</u>

2    g.    For all appropriate remedies under Business & Professions Code §§

3          17200, *et seq.* including but not limited to:

4          (i)   restoration of money and property acquired by Defendant's unfair

5                business practices;

6    

7          (ii)  restitution of benefits unfairly obtained by Defendant;

8          (iii) prejudgment interest; and

9

10         (iv)  attorney's fees.

11   <u>On all causes of action</u>

12   h.    For costs;

13   i.    For reasonable attorney's fees; and

14   j.    For such other relief as the Court may deem appropriate.

15

16

17                           <u>**JURY TRIAL DEMAND**</u>

18   Plaintiff hereby demands a trial by jury.

19

20

21   Dated: October 9, 2009            Respectfully submitted,

22                                     BOIES, SCHILLER & FLEXNER, LLP

23

24                                     David Shapiro
                                       1999 Harrison Street, Suite 1900
25                                     Oakland, CA 94612
                                       (510) 874-1000
26
                                       *Attorney for Plaintiff*
27

28

                                  14
                      COMPLAINT AND JURY DEMAND



1

2   OF COUNSEL:

3   David Boies
    333 Main Street
    Armonk, New York 10504
    (914) 749-8200

4

5   Philip M. Bowman
    575 Lexington Avenue, 7th Floor
    New York, New York 10022
    (212) 446-2300

6

7   *Of counsel to Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

15

COMPLAINT AND JURY DEMAND

(F)   1-26-10

**Attorney or Party without Attorney:**
DAVID W SHAPIRO, Bar #219265
BOIES, SCHILLER & FLEXNER LLP
1999 HARRISON STREET, SUITE 610
Oakland, CA 94612
Telephone No: 510-874-1000   FAX No: 510-874-1460

ENTERED SUSTAIN

**For Court Use Only**

# FILED
LOS ANGELES SUPERIOR COURT

NOV 1 2 2009

JOHN A CLARKE, CLERK
BY _____ DEPUTY

Ref. No. or File No.: 6175.0001

Attorney for: Plaintiff

Insert name of Court, and Judicial District and Branch Court:
LOS ANGELES County SUPERIOR Court SANTA MONICA Branch

Plaintiff: CARLEY E. SIMON
Defendant: STARBUCKS CORPORATION

**PROOF OF SERVICE SUMMONS AND COMPLAIN**

| Hearing Date: | Time: | Dept/Div: | Case Number: |
|---|---|---|---|
| | | | SC105214 |

1. At the time of service I was at least 18 years of age and not a party to this action.

**BY FAX**

2. I served copies of the SUMMONS AND COMPLAINT; CIVIL CASE COVER SHEET AND ADDENDUM;

3. a. Party served: STARBUCKS CORPORATION
   b. Person served: party in item 3.a., Marie Buckley, Agent for service of Process, authorized to accept.

4. Address where the party was served: 2730 GATEWAY OAKS DR
   SUITE 100
   SACRAMENTO, CA 95833

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Nov. 12, 2009 (2) at: 8:05AM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   a. as an individual defendant, and
   on behalf of: STARBUCKS CORPORATION
   Under CCP 416.10 (corporation)

7. Person Who Served Papers:
   a. PHIL OLIVAS

   Recoverable Cost Per CCP 1033.5(a)(4)(B)

   d. The Fee for Service was: $116.50
   e. I am: (3) registered California process server
      (i) Independent Contractor
      (ii) Registration No.: #93-027
      (iii) County: SACRAMENTO

ONE HOUR LEGAL
1280 BOULEVARD WAY #205
WALNUT CREEK, CA 94595
(925) 947-3470
FAX (925) 947-3480
WWW.ONEHOUR.NET

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: Thu, Nov. 12, 2009

Judicial Council Form POS-010
Rule 2.150(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
SUMMONS AND COMPLAINT

(PHIL OLIVAS)   296462.botedx.17060

30

36

COPY

FILED

GIBSON, DUNN & CRUTCHER LLP
ORIN SNYDER (*Pro Hac Vice* Application Pending)
osnyder@gibsondunn.com
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

2009 DEC 10  PM 1:01

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

THEANE EVANGELIS KAPUR, SBN 243570
tkapur@gibsondunn.com
KATIE TOWNSEND, SBN 254321
ktownsend@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Attorneys for Defendant,
Starbucks Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

Carly E. Simon,

        Plaintiff,

        v.

Starbucks Corporation,

        Defendant.

CASE NO. CV 09 09074 GW PLAx

Defendant Starbucks Corporation's
Corporate Disclosure Statement

Gibson, Dunn &
Crutcher LLP

37

The undersigned counsel of record for Starbucks Corporation, pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, hereby certifies that Starbucks Corporation ("Starbucks") offers shares of stock to the public under the symbol "SBUX." Starbucks has no parent corporation and no publicly held corporation owns 10% or more of its stock. FMR LLC, a privately-held entity, beneficially owns 10% or more of Starbucks' stock.

DATED: December 10, 2009

GIBSON, DUNN & CRUTCHER LLP

By: _____
    Theane Evangelis Kapur
    Attorneys for Defendant Starbucks Corporation

Gibson, Dunn &
Crutcher LLP

COPY

1   GIBSON, DUNN & CRUTCHER LLP
2   ORIN SNYDER (*Pro Hac Vice* Application Pending)
    osnyder@gibsondunn.com
3   200 Park Avenue, 47th Floor
    New York, New York 10166-0193
    Telephone: (212) 351-4000
4   Facsimile: (212) 351-4035

5

6   THEANE EVANGELIS KAPUR, SBN 243570
    tkapur@gibsondunn.com
7   KATIE TOWNSEND, SBN 254321
    ktownsend@gibsondunn.com
8   333 South Grand Avenue
    Los Angeles, California 90071-3197
    Telephone: (213) 229-7000
9   Facsimile: (213) 229-7520

10   Attorneys for Defendant,
    Starbucks Corporation

**FILED**

2009 DEC 10  PM 1:00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

11          UNITED STATES DISTRICT COURT

12         CENTRAL DISTRICT OF CALIFORNIA

13            WESTERN DIVISION

14

15   Carly E. Simon,            CASE NO. CV09. 09074 GW PLAx

16         Plaintiff,        Defendant Starbucks Corporation's
                                Certificate of Interested Parties
17

18       v.

19   Starbucks Corporation,

20         Defendant.

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

39

1    The undersigned counsel of record for Starbucks Corporation, pursuant to Local

2   Rule 7.1-1, hereby certifies that the following parties may have a pecuniary interest in

3   the outcome of this case.  These representations are made to enable the Court to

4   evaluate possible disqualification or recusal.

5        1.    Carly E. Simon, the plaintiff in this action.

6        2.    Starbucks Corporation, the defendant in this action.

7        3.    Concord Music Group, a Delaware corporation.

8        4.    StarCon LLC, a Delaware limited liability company.

9

10   DATED:  December 10, 2009

             GIBSON, DUNN & CRUTCHER LLP

11

12             By:  _____

13                    Theane Evangelis Kapur

14             Attorneys for Defendant Starbucks Corporation

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Carly E. Simon | Starbucks Corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| David W. Shapiro (SBN 219265) <br> BOIES SCHILLER & FLEXNER LLP <br> 1999 Harrison Street, Suite 900, Oakland CA 94612, (510) 874-1000 | Orin Snyder (Pro Hac Vice Application Pending) <br> Theane Kapur (SBN 243570) <br> GIBSON DUNN & CRUTCHER LLP <br> 333 South Grand Avenue, Los Angeles, California 90071, (213) 229-7000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☒ **MONEY DEMANDED IN COMPLAINT:** $ an amount in excess of $100,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Removal pursuant to 28 U.S.C. §§1332, 1441 of action alleging interference with contract and violations of Cal.Civ.Code §§ 1709, 1710 and Cal.Bus.&Prof.Code 17200.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL INJURY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____

CV09 09074

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Carly E. Simon resides in Massachusetts. |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Starbucks Corporation is incorporated in, and has its principal place of business in, Washington. |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| The allegations set forth in the Complaint claim that each claim arose in Los Angeles. |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 12/10/09

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

COPY

1   GIBSON, DUNN & CRUTCHER LLP
    ORIN SNYDER (*Pro Hac Vice* Application Pending)
2   osnyder@gibsondunn.com
    200 Park Avenue, 47th Floor
3   New York, New York 10166-0193
    Telephone: (212) 351-4000
4   Facsimile: (212) 351-4035

5
    THEANE EVANGELIS KAPUR, SBN 243570
6   tkapur@gibsondunn.com
    KATIE TOWNSEND, SBN 254321
7   ktownsend@gibsondunn.com
    333 South Grand Avenue
8   Los Angeles, California 90071-3197
    Telephone: (213) 229-7000
9   Facsimile: (213) 229-7520

10  Attorneys for Defendant,
    Starbucks Corporation

11
                  UNITED STATES DISTRICT COURT
12
                 CENTRAL DISTRICT OF CALIFORNIA
13
                       WESTERN DIVISION
14

15  Carly E. Simon,                    CASE NO. CV09 09074 GW PLAx

16              Plaintiff,
                                        PROOF OF SERVICE OF NOTICE OF
17       v.                             REMOVAL OF ACTION PURSUANT
                                        TO 28 U.S.C. §§ 1332 AND 1441 AND
18  Starbucks Corporation,              RELATED DOCUMENTS

19              Defendant.

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

43

# CERTIFICATE OF SERVICE

I, Christina Perez, declare as follows:

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, California 90071, in said County and State.  On December 10, 2009, I served the following document(s):

1. CIVIL CASE COVER SHEET

2. DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

3. DEFENDANT STARBUCKS CORPORATION'S CERTIFICATE OF INTERESTED PARTIES

4. DEFENDANT STARBUCKS CORPORATION'S CORPORATE DISCLOSURE STATEMENT

on the parties stated below:

David W. Shapiro                       Philip M. Bowman
Boies Schiller & Flexner, LLP          Boies Schiller & Flexner, LLP
1999 Harris Street, Suite 610          575 Lexington Avenue, 7th Floor
Oakland, CA  94612                     New York, NY 10022

by placing a true copy thereof in an envelope addressed as shown below by the following means of service:

☒ **BY MAIL**: I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE**: I placed a true copy in a sealed envelope addressed to each person[s] named at the address[es] shown and giving same to a messenger for personal delivery before 5:00 p.m. on the above-mentioned date.

☐ **BY ELECTRONIC MAIL**: I caused each such document to be transmitted by electronic mail to the parties and electronic mail addresses indicated above.

Gibson, Dunn &
Crutcher LLP

44

☐ **BY ELECTRONIC MAIL:**  I caused each such document to be transmitted by electronic mail to the parties and electronic mail addresses indicated above.

☐ **BY UPS NEXT DAY AIR:**  On the above-mentioned date, I placed a true copy of the above mentioned document(s), together with an unsigned copy of this declaration, in a sealed envelope or package designated by the United Parcel Service with delivery fees paid or provided for, addressed to the person(s) as indicated above and deposited same in a box or other facility regularly maintained by United Parcel Service or delivered same to an authorized courier or driver authorized by United Parcel Service to receive documents.

I am employed in the office of Theane Evangelis Kapur, a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper.

☐ **(STATE)**          I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)**     I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 10, 2009 at Los Angeles, California

_____
Christina Perez

Gibson, Dunn &
Crutcher LLP

1

**CERTIFICATE OF SERVICE**

2

I, Christina Perez, declare as follows:

3

I am employed in the County of Los Angeles, State of California; I am over the age of

4

eighteen years and am not a party to this action; my business address is 333 South Grand Avenue,

5

Los Angeles, California 90071, in said County and State.  On December 10, 2009, I served the

6

following document(s):

7

**DEFENDANT STARBUCKS CORPORATION'S NOTICE OF FILING OF NOTICE OF REMOVAL OF ACTION AND NOTICE TO ADVERSE PARTIES**

8

on the parties stated below:

9

10

11

David W. Shapiro
Boies Schiller & Flexner, LLP
1999 Harris Street, Suite 610
Oakland, CA  94612

Philip M. Bowman
Boies Schiller & Flexner, LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022

12

13

by placing a true copy thereof in an envelope addressed as shown below by the following means of service:

14

15

16

17

☒   **BY MAIL**:  I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date.  I am familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

18

☐   **BY ELECTRONIC MAIL**:  I caused each such document to be transmitted by electronic mail to the parties and electronic mail addresses indicated above.

19

20

I am employed in the office of Theane Evangelis Kapur, a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper.

21

☒   **(STATE)**          I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

23

☐   **(FEDERAL)**       I declare under penalty of perjury that the foregoing is true and correct.

24

Executed on December 10, 2009 at Los Angeles, California

25

26

27

_____
Christina Perez

28