GIBSON, DUNN & CRUTCHER LLP
ORIN SNYDER (*Pro Hac Vice* Application Pending)
osnyder@gibsondunn.com
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

THEANE EVANGELIS KAPUR, SBN 243570
tkapur@gibsondunn.com
KATIE TOWNSEND, SBN 254321
ktownsend@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Attorneys for Defendant,
Starbucks Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **CARLY E. SIMON**, | CASE NO. CV09-09074 GW (PLAx) |
| Plaintiff, | **DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| v. | |
| **STARBUCKS CORPORATION**, | |
| Defendant. | |
| | [Request for Judicial Notice Filed Concurrently] |
| | Date:     January 7, 2010<br>Time:     8:30 a.m.<br>Place:    Courtroom 10<br>Judge:   Hon. George H. Wu |

Gibson, Dunn & Crutcher LLP

**DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HER COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on January 7, 2010, at 8:30 a.m., or as soon thereafter as the matter may be heard before the Honorable George H. Wu, United States District Judge, in Courtroom 10 of the United States District Court, Central District of California, Western Division, Defendant Starbucks Corporation ("Starbucks") will move this Court for an Order staying further proceedings in this case.

By this Motion, Starbucks seeks the following relief: an Order temporarily staying further proceedings pending controlling guidance from the United States Supreme Court as to this Court's jurisdiction over this action under 28 U.S.C. §§ 1332 and 1441.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the papers on file in this case, all facts of which judicial notice may be taken, any oral argument that may be heard by the Court, and any other matters that the Court deems appropriate.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on November 23, 2009.

DATED: December 14, 2009

                                        Theane Evangelis Kapur
                                        GIBSON, DUNN & CRUTCHER LLP

                                        By: _____
                                                  Theane Evangelis Kapur
                                        Attorneys for Defendant Starbucks Corporation

Gibson, Dunn & Crutcher LLP

**DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

# TABLE OF CONTENTS

Page

**I. INTRODUCTION** ...................................................................................................1

**II. ARGUMENT** .........................................................................................................1

    A.    The Ninth Circuit's Test For Determining A Corporation's Principal Place of Business Is An Outlier Among The Courts Of Appeals ...............................................................................................2

    B.    The Supreme Court's Decision In *Hertz* Will Directly Impact This Court's Jurisdiction Over This Case .......................................................3

    C.    This Court Should Exercise Its Inherent Authority To Stay These Proceedings Pending A Decision In *Hertz* ..................................................6

**III. CONCLUSION** ....................................................................................................8

i

**DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Beck v. Starbucks Corporation*,
  C-08-2930 MMC, 2008 U.S. Dist. LEXIS 111053 (N.D. Cal. Sept. 19, 2008) .................................................................................................................... 4

*Capitol Indem. Corp. v. Russellville Steel Co.*,
  367 F.3d 831 (8th Cir. 2004) ............................................................................ 3

*CMAX, Inc. v. Hall*,
  300 F.2d 265 (9th Cir. 1962) ............................................................................ 8

*Davis v. HSBC Bank*,
  557 F.3d 1026 (9th Cir. 2009) ...................................................................... 2, 3

*Demshki v. Monteith*,
  255 F.3d 986 (9th Cir. 2001) ............................................................................ 6

*Dresser Indus. v. Underwriters at Lloyd's of London*,
  106 F.3d 494 (3d Cir. 1997) ............................................................................. 8

*Espinoza v. County of Fresno*,
  2009 U.S. Dist. LEXIS 58025 (E.D. Cal. June 18, 2009) ................................ 7

*Friend v. Hertz Corp.*,
  297 Fed. Appx. 690 (9th Cir. 2008) ................................................................. 4

*Gadlin v. Sybron Int'l Corp.*,
  222 F.3d 797 (10th Cir. 2000) .......................................................................... 3

*Gafford v. General Elec. Co.*,
  997 F.2d 150 (6th Cir. 1993) ............................................................................ 3

*Hertz Corp. v. Friend*,
  08-1107 (U.S. cert. granted June 8, 2009) ....................................................... 1

*Hertz Corp. v. Friend*,
  129 S. Ct. 2766, 174 L. Ed. 2d 269 (2009) ...................................................... 4

*J.A. Olson Co. v. Winona*,
  818 F.2d 401 (5th Cir. 1987) ............................................................................ 3

*Kelly v. United States Steel Corp.*,
  284 F.2d 850 (3d Cir. 1960) ............................................................................. 3

*Landis v. N. Am. Co.*,
  299 U.S. 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936) .......................................... 6

*Leyva v. Certified Grocers of Cal., Ltd.*,
  593 F.2d 857 (9th Cir. 1979) ........................................................................ 6, 8

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005) ...................................................................... 6, 7

*MacGinnitie v. Hobbs Group, LLC*,
  420 F.3d 1234 (11th Cir. 2005) ........................................................................ 3

*Mbalati v. Starbucks Corporation*,
  CV 07-3267 RGK (FFMx) (C.D. Cal. June 12, 2007) ..................................... 5

ii

**DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Gibson, Dunn & Crutcher LLP

*Metro. Life Ins. Co. v. Estate of Cammon*,
  929 F.2d 1220, 1223 (7th Cir. 1991) .................................................................................. 3

*Nordyke v. King*,
  563 F.3d 439 (9th Cir. 2009) .............................................................................................. 7

*Ortega v. J.B. Hunt Transp., Inc.*,
  258 F.R.D. 361 (C.D. Cal. 2009) ........................................................................................ 8

*Pena v. Cid*,
  2009 U.S. Dist. LEXIS 92605 (E.D. Cal. Oct. 2, 2009) ...................................................... 7

*Pratt Cent. Park Ltd. Partnership v. Dames & Moore*,
  60 F.3d 350 (7th Cir. 1995) ................................................................................................ 6

*San Diego Padres Baseball P'ship v. United States*,
  2000 U.S. Dist. LEXIS 10987 (S.D. Cal. July 12, 2000) .................................................... 6

*Tosco Corp. v. Cmtys. for a Better Env't*,
  236 F.3d 495 (9th Cir. 2001) ..........................................................................................2, 4

**Statutes**

28 U.S.C. § 1332 ................................................................................................................ 1, 4, 8
28 U.S.C. § 1332(a) ..................................................................................................................... 2
28 U.S.C. § 1332(c) ........................................................................................................... 1, 2, 4
28 U.S.C. § 1441 ........................................................................................................................ 1, 8
28 U.S.C. § 1441(a) ..................................................................................................................... 2
28 U.S.C. § 1441(b) ..................................................................................................................... 2
28 U.S.C. § 1446(d) ..................................................................................................................... 6
28 U.S.C. § 1447(d) ..................................................................................................................... 8

Gibson, Dunn &
Crutcher LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

By this Motion, Defendant Starbucks seeks a temporary stay of all proceedings in this case pending controlling guidance from the United States Supreme Court as to this Court's proper exercise of jurisdiction over this action under 28 U.S.C. §§ 1332 and 1441.

## I. INTRODUCTION

On October 9, 2009, Plaintiff Carly E. Simon ("Simon" or "Plaintiff"), a citizen of Massachusetts (Cmplt. at ¶ 2), filed this action against Defendant Starbucks in Los Angeles Superior Court. On December 10, 2009, Starbucks, a corporation both incorporated and headquartered in the State of Washington, timely removed this action on the basis of diversity pursuant to 28 U.S.C. §§ 1332 and 1441.

Currently pending before the United States Supreme Court is *Hertz Corporation v. Friend*, 08-1107 (U.S. cert. granted June 8, 2009) ("*Hertz*"), which is expected to clarify the proper test for determining a corporation's "principal place of business," and thus its citizenship, for purposes of federal diversity jurisdiction under 28 U.S.C. § 1332. The outcome of *Hertz* likely will have a direct and potentially dispositive impact on this Court's jurisdiction over this action under 28 U.S.C. §§ 1332 and 1441. Considerations of fairness, efficiency, and sound judicial administration therefore militate strongly in favor of staying these proceedings until the Supreme Court renders a decision in *Hertz*.

## II. ARGUMENT

This Court has jurisdiction over this action because Starbucks is incorporated in the State of Washington and its "principal place of business" is also in the State of Washington. 28 U.S.C. § 1332(c). Under the Ninth Circuit's test for determining a corporation's principal place of business, however, federal district courts in California have reached conflicting decisions regarding Starbucks' citizenship. The Supreme Court currently is considering the proper interpretation of "principal place of business"

1

Gibson, Dunn & Crutcher LLP

DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

in *Hertz*, and it is expected to adopt a test that is different from the operative test in the Ninth Circuit.  As a result, this Court should stay this case pending *Hertz* because that decision will directly impact this Court's jurisdiction.

**A.   The Ninth Circuit's Test For Determining A Corporation's Principal Place of Business Is An Outlier Among The Courts Of Appeals**

As a general rule, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant []," to federal district court.  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and there is diversity of citizenship.  Thus, such actions are removable by a defendant if filed in state court, provided that "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  A corporation, for purposes of federal diversity jurisdiction, is deemed a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its "principal place of business."  28 U.S.C. § 1332(c).

In the Ninth Circuit, "two tests" are used to determine a corporation's "principal place of business."  *Davis v. HSBC Bank*, 557 F.3d 1026, 1028 (9th Cir. 2009).

> First, we apply the "place of operations" test.  Under that test, a corporation's principal place of business is the state containing a "'substantial predominance of corporate operations.'"  If no state contains a "substantial predominance" of corporate operations, we apply the "nerve center" test, which locates the corporation's principal place of business in the state where "the majority of its executive and administrative functions are performed."

*Id.* (quoting *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001)).

The primary test currently applied by the Ninth Circuit in this context—the "substantial predominance" or "place of operations" test—"requires a comparison of

2

**DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Gibson, Dunn & Crutcher LLP

[the] corporation's business activity in the state at issue to its business activity in other individual states." *Davis*, 557 F.3d at 1028–29.  Under this test, courts "employ a number of factors to determine if a given state contains a substantial predominance of corporate activity," including "the location of employees, tangible property, production activities, sources of income, and where sales take place." *Id*.  The location of the corporation's executive headquarters, or "nerve center," however, is taken into account only if the "place of operations" test proves inconclusive.

The Courts of Appeals are in conflict on the appropriate test for determining a corporation's "principal place of business."  No other circuit follows the Ninth Circuit's "two tests" approach, and the majority of circuits give weight, at the outset, to the location of a corporation's headquarters.[1]  For example, the Seventh Circuit looks exclusively to the location of a corporation's headquarters when determining its principle place of business for purposes of federal diversity jurisdiction.  *See Metro. Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991) ("a corporation has a single principal place of business where its executive headquarters are located").

**B.    The Supreme Court's Decision In *Hertz* Will Directly Impact This Court's Jurisdiction Over This Case**

The validity of the Ninth Circuit's complicated and somewhat counterintuitive approach to determining a corporation's "principal place of business" is currently under review by the Supreme Court.  In *Friend v. Hertz Corp.*, 297 Fed. Appx. 690,

---

[1] *See, e.g.*, *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005); *Capitol Indem. Corp. v. Russellville Steel Co.*, 367 F.3d 831, 836 (8th Cir. 2004); *Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 799–800 (10th Cir. 2000); *J.A. Olson Co. v. Winona*, 818 F.2d 401, 409–10 (5th Cir. 1987) ("the principal place of business of a far-flung corporation will generally be its nerve center"); *Gafford v. General Elec. Co.*, 997 F.2d 150, 162 (6th Cir. 1993) ("Where the "bulk" of a corporation's business is dispersed over several states, 'the corporation's headquarters assumes more significance as the compelling factor in the principal place of business test.'"); *Kelly v. United States Steel Corp.*, 284 F.2d 850, 854 (3d Cir. 1960).

3

**DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Gibson, Dunn & Crutcher LLP

691 (9th Cir. 2008), the Ninth Circuit, applying the "place of operations" test, affirmed a district court's determination that, for purposes of federal diversity jurisdiction, Hertz Corporation ("Hertz") is a citizen of the State of California. Although Hertz is incorporated in Delaware and maintains its corporate headquarters in New Jersey, the Ninth Circuit held that the district court had "correctly applied the 'place of operations' test to determine Hertz's principal place of business," and properly concluded that because "Hertz's relevant business activities are 'significantly larger' in California than in the next largest state, Florida," California "contains a substantial predominance of Hertz's operations," and is thus Hertz's principal place of business. *Id*. at 691 (quoting *Tosco Corp*., 236 F.3d at 500).

Hertz filed a petition for writ of certiorari in the Supreme Court presenting the question: "Whether, for purposes of determining principal place of business for diversity jurisdiction citizenship under 28 U.S.C. § 1332, a court can disregard the location of a nationwide corporation's headquarters." The Court granted review on June 8, 2009 (*Hertz Corp*. *v*. *Friend*, 129 S. Ct. 2766; 174 L. Ed. 2d 269 (2009)), and heard oral argument on November 10, 2009.

Plaintiff's suit against Starbucks presents the identical question currently being considered by the Supreme Court in *Hertz*: whether the location of Starbucks' corporate headquarters, or "nerve center"—Washington—must be taken into account in determining Starbucks' citizenship under 28 U.S.C. § 1332. *Hertz* necessarily will have a direct impact on this case because the district courts in the Ninth Circuit have rendered conflicting decisions regarding Starbucks' "principal place of business" under 28 U.S.C. § 1332(c). At least one federal district court in California has determined that Starbucks is a citizen of Washington. *See Beck v*. *Starbucks Corporation*, C-08-2930 MMC, 2008 U.S. Dist. LEXIS 111053, at *1 (N.D. Cal. Sept. 19, 2008) (noting that in "its Notice [of Removal], Starbucks alleges sufficient facts to support a finding that Starbucks is a citizen of Washington" for diversity purposes). (Request for

4

Gibson, Dunn & Crutcher LLP

DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Judicial Notice ("RJN"), Ex. A.) However, one district court in California has ruled that, under the Ninth Circuit's current "place of operations" test, Starbucks' "principal place of business" is in California—a ruling that directly conflicts with *Beck*. Despite the fact that Starbucks, like Hertz, is neither incorporated in nor headquartered in California, the district court in *Mbalati v. Starbucks Corporation*, CV 07-3267 RGK (FFMx) (C.D. Cal. June 12, 2007), concluded that Starbucks is a citizen of California because "the overall predominance of [Starbucks'] business activity occurs in California." (RJN, Ex. B.)

Because Starbucks is incorporated and headquartered in Washington, this Court has jurisdiction over this case. However, the Supreme Court's decision in *Hertz* will, at the very least, provide this Court with substantial guidance as to the proper test for diversity jurisdiction in this case and likely will resolve the conflict among the federal district courts in California on this issue. Indeed, the Justices appeared to acknowledge as much during oral argument in *Hertz* on November 10, 2009:

> CHIEF JUSTICE ROBERTS: Where is —under the Ninth Circuit test, where is—what is the principal place of business of Starbucks?
>
> [COUNSEL] MR. SCHNEIDER: Under the Ninth Circuit test, the principal place of Starbucks, there is a case that says Starbucks is in California. Let me give you, Mr. Chief Justice—
>
> JUSTICE SCALIA: That's a surprise.
>
> (Laughter).

(RJN, Ex. C at 44:15–22; *id*. at 44:15–46:4.) And it is widely believed in the legal trade press that the Supreme Court will reject the Ninth Circuit's amorphous test in favor of a test that weighs a corporation's headquarters heavily in determining its principal place of business. (*See* RJN, Ex. D (Tony Mauro, "Justices Sympathetic to Applying Headquarters Standard to Corporate Jurisdiction," LAW.COM (Nov. 11, 2009).)

5

**DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Gibson, Dunn & Crutcher LLP

## C. This Court Should Exercise Its Inherent Authority To Stay These Proceedings Pending A Decision In *Hertz*

Courts have inherent authority to stay proceedings before them. *Landis v. N. Am. Co.*, 299 U.S. 248, 254; 57 S. Ct. 163, 166; 81 L. Ed. 153, 158 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").[2] Pursuant to that authority, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."[3] *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979); *see also Demshki v. Monteith*, 255 F.3d 986, 988 (9th Cir. 2001); *San Diego Padres Baseball P'ship v. United States*, 2000 U.S. Dist. LEXIS 10987, at *1 (S.D. Cal. July 12, 2000) (staying proceedings before it pending "resolution of another matter [that] will have a direct impact on the issues" before the court).

In *Lockyer v. Mirant Corp.*, the Ninth Circuit explained that "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed" in evaluating the propriety of stay. 398 F.3d 1098, 1110 (9th Cir. 2005) (internal citation omitted). Those "competing interests" include: (1) "the hardship or inequity which a party may suffer in being required to go forward," and (2) "the

---

[2] Of course, this Court has jurisdiction over this matter to determine whether it has jurisdiction. *See* 28 U.S.C. § 1446(d); *see also Pratt Cent. Park Ltd. Partnership v. Dames & Moore*, 60 F.3d 350 (7th Cir. 1995) (noting that a judge "may take evidence and resolve conflicts to decide the citizenship of the parties" when determining whether there is a sound basis for federal diversity jurisdiction).

[3] A court's determination regarding whether or not a stay in a given case is appropriate pending resolution of independent proceedings is not dependant on the parties involved. *See Landis*, 299 U.S. at 256 (rejecting as "too mechanical and narrow" the view that a court may not stay proceedings pending the outcome of a controversy to which the litigants before it are strangers).

6

**DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Gibson, Dunn & Crutcher LLP

orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

District courts frequently find that these considerations weigh in favor of a stay of proceedings when, as is the case here, an action pending before an appellate court is expected to provide controlling authority or significant guidance on a key issue of law in the case pending before the district court. For example, in *Pena v. Cid*, the district court stayed proceedings before it pending an *en banc* decision by the Ninth Circuit that was expected to address issues "broad in scope and material to the case brought by plaintiffs." 2009 U.S. Dist. LEXIS 92605, *3-6 (E.D. Cal. Oct. 2, 2009). The district court concluded that *Pena*, which arose out of the plaintiffs' Second Amendment challenge to the constitutionality of California's "Handgun Roster Scheme" should be stayed pending the Ninth Circuit's *en banc* review of its decision in *Nordyke v. King*, 563 F.3d 439 (9th Cir. 2009), which held that the Due Process Clause of the Fourteenth Amendment incorporates the Second Amendment. The district court in *Pena* noted that "a foundational issue in both *Nordyke* and in this case is whether the Second Amendment is incorporated and thus, applicable to state and local governments. . . . Further, the *en banc* decision in *Nordyke* will . . . almost certainly provide crucial direction to the court in its analysis of the firearms regulation in this case." *Id.* at *6. *See also Espinoza v. County of Fresno*, 2009 U.S. Dist. LEXIS 58025, *2-4 (E.D. Cal. June 18, 2009) (staying proceedings pending decisions by the Ninth Circuit in two cases presenting issues "indispensable to a well-reasoned analysis of the present litigation," because "a short delay would promote judicial economy, provide guidance to the district courts, and avoid unnecessary costs and fees").

In sum, where, as here, another court's resolution of a legal issue "will have a significant impact on the course of [the] litigation, a stay will serve the interests of the parties and 'the orderly course of justice measured in terms of the simplifying . . . of issues, proof, and questions of law which could be expected to result from a stay.'"

7

Gibson, Dunn & Crutcher LLP

**DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

*Ortega v. J.B. Hunt Transp., Inc.*, 258 F.R.D. 361, 371 (C.D. Cal. 2009) (staying proceedings pending decision by the California Supreme Court on interpretation of state law at issue).

*Hertz* almost certainly will result in controlling precedent regarding this Court's jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441. Moreover, the prejudice to Starbucks is great if this case is remanded to state court under an erroneous interpretation of the controlling statutes, thereby depriving Starbucks of its right to a federal forum,[4] with no ability to appeal. 28 U.S.C. § 1447(d). In addition, because a decision in *Hertz* is likely to be reached in a reasonable period of time, a stay of these proceedings pending that ruling likely will be brief, and Plaintiff will not suffer any hardship as a result of delay. *See Leyva*, 593 F.2d at 864 (a stay is appropriate where it is "likely" the "other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented in this court"). This is especially true given that Plaintiff's Complaint seeks only money damages—not injunctive relief. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268-69 (9th Cir. 1962) (noting that a delay in trial would only delay recovery in money damages and, therefore, the party opposing the stay had not made a strong showing that it would suffer harm as a result of a stay). On balance, these factors weigh heavily in favor of staying these proceedings pending a decision in *Hertz*.

### III. CONCLUSION

Whether this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441 is a fundamental issue that must be addressed by this Court, and the Supreme Court's decision in *Hertz* will create controlling precedent regarding that

---

[4] *See Dresser Indus. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3d Cir. 1997) ("the generally accepted view [is] that diversity jurisdiction was established to provide access to a competent and impartial tribunal, free from local prejudice or influence").

8

DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Gibson, Dunn & Crutcher LLP

precise issue.  Therefore, this Court should exercise its broad discretion to temporarily stay further proceedings in this case pending resolution of *Hertz* to ensure that its decision regarding jurisdiction in this case will be consistent with controlling precedent, fair to the parties involved, and in the interest of the sound administration of justice.

DATED:  December 14, 2009

>Theane Evangelis Kapur
>GIBSON, DUNN & CRUTCHER LLP
>
>
>By: _____
>         Theane Evangelis Kapur
>Attorneys for Defendant Starbucks Corporation

**DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**