David W. Shapiro  (SBN 219265)
Jeremy M. Goldman (SBN 218888)
BOIES, SCHILLER & FLEXNER, LLP
1999 Harrison Street, Suite 1900
Oakland, CA 94612
(510) 874-1000
dshapiro@bsfllp.com, jgoldman@bsfllp.com

David Boies
BOIES, SCHILLER & FLEXNER, LLP
333 Main Street
Armonk, New York 10504
(914) 749-8200
dboies@bsfllp.com

Philip M. Bowman
BOIES, SCHILLER & FLEXNER, LLP
575 Lexington Avenue
New York, New York 10022
(212) 446-2300
pbowman@bsfllp.com
(pro hac vice motion pending)

Attorney for Plaintiff Carly E. Simon

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| CARLY E. SIMON,<br><br>    Plaintiff,<br><br>    v.<br><br>STARBUCKS CORPORATION,<br><br>    Defendants. | **Case No. CV09-09074 GW (PLAx)**<br><br>PLAINTIFF CARLY E. SIMON'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW<br><br>(Civil Code §§ 1709, 1710, Tortious Interference with Contract, Business & Professions Code §17200 *et seq.*) |

SIMON'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STAY

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

ARGUMENT.........................................................................................................2

    I.    LEGAL STANDARD ................................................................................2

    II.    A STAY SHOULD NOT BE GRANTED WHEN THERE IS NO UNSETTLED QUESTION OF LAW ........................................................................................2

    III.    GRANTING A STAY WILL PREJUDICE MS. SIMON AND DENYING A STAY WILL CAUSE NO HARM TO STARBUCKS. ..................................................................................7

CONCLUSION......................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Burns v. Mukasey*,
  No. CIV S-09-0497-MCE-CMK, 2009 WL 3756489 (E.D. Cal. Nov. 6, 2009) .................................................................................................................5

*Clinton v. Jones*,
  520 U.A. 681, 117 S.Ct. 1636 (1997) ................................................................2

*CMAX, Inc. v. Hall*,
  300 F.2d 265 (9th Cir. 1962) ............................................................................7

*Espinoza v. County of Fresno*,
  2009 U.S. Dist. LEXIS 58025 (E.D. Cal. June 18, 2009) .................................6

*Friend v. Hertz Corp.*,
  297 Fed. Appx. 690 (9th Cir. 2008) .................................................................3

*Friend v. Hertz Corporation*,
  No. C-07-5222 MMC, 2008 WL 7071465 (N.D. Cal. Jan. 15, 2008) ............. 3

*Greene v. Sanchez*,
  No. CVF 045439, 2006 WL 708540 (E.D. Cal. Mar. 21, 2006) .......................5

*Hertz Corp. v. Friend*,
  08-1107 (U.S. cert. granted June 8, 2009) ....................................................1, 2

*J.A. Olson Co. v. City of Winona*,
  818 F.2d 401 (5th Cir. 1987) ............................................................................8

*Landis v. North America Co.*,
  299 U.S. 248, 57 S.Ct. 163 (1936) ...................................................................2

*Mbalati v. Starbucks Corporation*,
  CV 07-3267 RGK (FFMx) (C.D. Cal. June 12, 2007) .....................................4

*Nordyke v. King*,
  575 F.3d 890 (9th Cir. 2009) ............................................................................6

*Ortega v. J.B. Hunt Transp., Inc.*,
  258 F.R.D. 361 (C.D. Cal. 2009) .....................................................................6


*Pena v. Cid*,
   2009 U.S. Dist. LEXIS 92605 (E.D. Cal. Oct. 2, 2009) ....................................6

*Tosco Corp. v. Communities for a Better Environment*,
   236 F.3d 495 (9th Cir. 2001) ..........................................................................3, 8

*Yong v. Immigration and Naturalization Service*,
   208 F.3d 1116 (9th Cir. 2000) ............................................................................4

**Other Authorities**

28 U.S.C. § 1441(b)......................................................................................................1, 4

28 U.S.C. §§ 1332 and 1441..............................................................................................1

Plaintiff Carly E. Simon ("Simon") respectfully submits this memorandum of law in opposition to Defendant Starbucks Corporation's ("Starbucks") Motion to Stay Pending Decision by the United States Supreme Court on a Controlling Issue of Law.

**INTRODUCTION**

On October 9, 2009, Simon, a citizen of Massachusetts, filed this action based on state law against Defendant Starbucks in Los Angeles Superior Court. On December 10, 2009 Starbucks removed this action on the basis of diversity pursuant to 28 U.S.C. §§ 1332 and 1441.  At the same time, Starbucks filed this motion to stay all proceedings in this case pending a decision by the United States Supreme Court in *Hertz Corporation v. Friend*, 08-1107 (U.S. cert granted June 8, 2009).  Starbucks effectively concedes that under settled Ninth Circuit precedent, this case was not properly removed under 28 U.S.C. § 1441(b) because Starbucks is deemed to be a citizen of California, but argues that in *Hertz* the Supreme Court is "is expected to adopt a test that is different from the operative test in the Ninth Circuit." Def's Br. at 2.  As discussed below, however, a stay of proceedings pending the outcome of another case is an extraordinary measure granted only in rare circumstances.  Under the present circumstances, where the law of the Ninth Circuit is clear and settled, pending Supreme Court review of a Ninth Circuit decision is not a basis on which to grant a stay of separate proceedings, even where the Supreme Court's decision would affect the outcome

of those proceedings. This is particularly true here, where there is no substantive question of law, and the only issue is whether the case proceeds in state court or in federal court.

## ARGUMENT

### I. Legal Standard

A court should grant a stay of proceedings only when the proponent of the stay makes a clear case that the party will suffer hardship or inequity in being required to move forward when there is even a fair possibility that the stay for which it prays will work damage to the non-moving party. *Landis v. North America Co.*, 299 U.S. 248, 255, 57 S.Ct. 163, 166 (1936). The movant bears the burden of proving that a stay is warranted. *Clinton v. Jones*, 520 U.S. 681, 708, 117 S.Ct. 1636 (1997). "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255.

### II. A Stay Should Not Be Granted When There is No Unsettled Question of Law

Starbucks seeks a stay of all proceedings in this case pending the Supreme Court's decision in *Hertz Corp. v. Friend*, 297 Fed. Appx. 690, 691 (9th Cir. 2008), *cert. granted* (U.S. June 8, 2009) (No. 08-1107). *Hertz* originated as a class action against Hertz Corporation in the California state courts. Hertz removed the action to the United States District Court for the Northern District of

California on the basis of diversity jurisdiction. Plaintiffs were all citizens of California and Hertz claimed to be a citizen of Delaware, the state where it is incorporated, and New Jersey, where it maintains its corporate headquarters. *See Friend v. Hertz Corporation*, No. C-07-5222 MMC, 2008 WL 7071465, *1 (N.D. Cal. Jan. 15, 2008). Settled Ninth Circuit law holds that where the majority of a corporation's business activity does not take place in one state, the citizenship of a corporation for purposes of diversity jurisdiction is the state in which the corporation's business activity is significantly larger than any other state in which the corporation conducts business, even if the corporate headquarters are located in a different state. *See Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500-02 (9th Cir. 2001). Applying that settled law, both the district court and the Ninth Circuit held that Hertz was a citizen of California because a substantial predominance of its activities were in the state of California. *See id.* at *2-3 (finding Hertz a citizen of California where it has 43% more employees, 75% more tangible property, earns over 60% more revenue, and conducts over 70% of its primary business activity – car rentals – in the state of California than in Florida, the state where Hertz has the next greatest amount of activity); *Friend v. Hertz Corp.*, 297 Fed. Appx. 690, 691 (9th Cir. 2008) (finding Hertz a citizen of California because its relevant business activities are significantly larger in California than in the next largest state, Florida). Under the standard set forth in *Tosco* and *Hertz*, Starbucks is a citizen of California and this case was not

properly removed to federal court.  *See* 28 U.S.C. § 1441(b) (where no federal question jurisdiction exists, actions are only removable if no defendant is a citizen of the state in which the action was brought); *Mbalati v. Starbucks Corporation*, CV 07-3267 RGK (FFMx) (C.D. Cal. June 12, 2007) (finding Starbucks a citizen of California because 27% of Starbucks' total workforce is in California – 100% more than the next highest state, California generates 25% of Starbucks' revenues – more than 300% more than the next highest state, and 27% of Starbucks' retail stores are in California – more than 200% more than the next highest state).

Starbucks does not assert that there is any question as to the proper standard for determining citizenship of a corporate party in the Ninth Circuit. Rather, Starbucks' only argument is that the Supreme Court is "expected" to adopt a different test in the *Hertz* case.  That is not a basis on which to grant a stay.  A stay of proceedings pending a decision by the Supreme Court is not warranted when, as here, the law is settled.  *See*, *e.g.*, *Greene v. Sanchez*, No. CVF 045439, 2006 WL 708540 (E.D. Cal. Mar. 21, 2006) (citing *Yong v. Immigration and Naturalization Service*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000)).  In *Greene*, the court denied a stay pending a decision of the Supreme Court, stating: "A pending decision by the U.S. Supreme Court on certiorari does not render the Ninth Circuit's holding [in the case being reviewed] unreliable." *Greene*, 2006 WL 708540, at *1.  As the court in *Greene* further stated: "The Ninth Circuit has made clear that once an opinion is entered on its docket and

4

SIMON'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STAY

forwarded for publication, it is . . . final for such purpose as stare decisis and full faith and credit unless it is withdrawn by the court.  As such, this Court is bound to proceed unless and until applicable authority is no longer reliable." *Id.* (internal quotation marks omitted).

Similarly, in *Burns v. Mukasey*, No. CIV S-09-0497-MCE-CMK, 2009 WL 3756489, *4 (E.D. Cal. Nov. 6, 2009) the court denied a stay of proceedings pending resolution of cases before the U.S. Supreme Court and the Ninth Circuit despite the fact that the decisions would be dispositive of an issue in the case. The court held that there was no reason to stay proceedings given that the "case [did] not present a question of first impression which is pending in a higher court."  Rather, "the current precedent which this court must follow answers the question . . . [w]hether the Supreme Court may eventually conclude otherwise . . . does not change the binding effect of current valid case law." *Id.*

Indeed, Starbucks has cited no case, and Simon is aware of no case, in which a court in the Ninth Circuit granted a stay of proceedings pending a review by the Supreme Court of a Ninth Circuit decision.  That is not surprising.  The standard proposed by Starbucks would require a massive disruption to the business of courts around the country every time the Supreme Court grants certiorari.

The cases cited by Starbucks do not support its position.  In *Pena v. Cid*, in direct contrast to the facts here, the relevant law within the Ninth Circuit was not

5

settled. 2009 U.S. Dist. LEXIS 92605 (E.D. Cal. Oct. 2, 2009). Critical to the plaintiff's case in *Pena* was whether the Due Process Clause of the Fourteenth Amendment incorporates the Second Amendment, making the Second Amendment applicable to the states, an issue of first impression in the Ninth Circuit. *Pena*, 2009 U.S. Dist. LEXIS 92605, at *4-6. A panel of the Ninth Circuit had recently held that the Due Process Clause did incorporate the Second Amendment, but the Ninth Circuit had accepted the case for rehearing en banc and directed that the "three-judge panel opinion *shall not be cited as precedent by or to any court of the Ninth Circuit*". *Id.* at *3 (emphasis added) (quoting *Nordyke v. King*, 575 F.3d 890 (9th Cir. 2009). Accordingly, there was no settled law in the Ninth Circuit and it was thus appropriate to grant a short stay to allow the Ninth Circuit to rehear the case en banc.

Similarly, in the second case cited by Starbucks, *Espinoza v. County of Fresno*, 2009 U.S. Dist. LEXIS 58025 (E.D. Cal. June 18, 2009), there was no established Ninth Circuit precedent on the issue before the district court: whether the "donning and doffing" of a police uniform is compensable work. The district court therefore granted a motion to stay the proceedings pending decisions by the Ninth Circuit in two cases that presented the issue. Id. at *2-4.

In *Ortega v. J.B. Hunt Transp., Inc.*, 258 F.R.D. 361 (C.D. Cal. 2009), the district court found that the interpretation of a California statute was "a matter of considerable debate" in the courts in California and therefore granted a stay

6

SIMON'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STAY

pending decisions of the California Supreme Court. *Id.* at 368, 371.

Here, in contrast to all the cases cited by Starbucks, the law of corporate citizenship in the Ninth Circuit is clear and settled, as Starbucks concedes, and the Court is bound to apply it.

### III. Granting a Stay Will Prejudice Simon and Denying a Stay Will Cause No Harm to Starbucks.

The Supreme Court heard oral arguments in *Hertz* on November 10, 2009. The Supreme Court does not have a set calendar and may hand down a decision at any time after oral argument. *See* Guide for Counsel in Cases to Be Argued Before the Supreme Court of the United States, October 2009, p. 14, available online at www.supremecourtus.gov/oral_arguments/guideforecounsel.pdf.  The only information provided by the Supreme Court is that "cases argued during the Term are usually decided before the end of June." *Id.* at 15.  It is unreasonable to delay this case for up to six months when there is controlling precedent in the Ninth Circuit to inform the Court in its determination of Starbucks' place of citizenship.  Starbucks suggests that where only money damages are sought, no harm to a plaintiff can result from a stay, citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268-69 (9th Cir. 1962). That is not the law.  In *CMAX*, the issue was whether a writ of mandamus should be granted, a "drastic remedy to which resort should be had only in extraordinary cases". *Id.* at 268.  In seeking that drastic remedy, the petitioner argued that it would suffer "irreparable injury and a miscarriage of

7

SIMON'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STAY

justice" if a stay were not granted. *Id*. The Ninth Circuit found that the petitioner had not made a showing of irreparable injury such as would justify the grant of a writ of mandamus. *Id.* Here, the question is whether "there is even a fair possibility that the stay . . . will work damage" to Simon, *Landis* at 255, not whether she will be irreparably harmed. A potential delay of six months would plainly prejudice her.

By contrast, Starbucks can articulate no harm that would result to it if proceedings were not stayed and the case – which is based entirely on state law – were remanded to state court. As discussed above, under established Ninth Circuit precedent, Starbucks has no right to a federal forum. But even assuming the Supreme Court was to articulate a different standard, there is simply no reason to believe that Starbucks could not receive a fair trial in state court. *See Tosco Corp*, 236 F.3d at 502 (citing *J.A. Olson Co. v. City of Winona,* 818 F.2d 401, 404 (5th Cir. 1987) ("The purpose of diversity jurisdiction is to provide 'a federal forum for out-of-state litigants where they are free from prejudice in favor of a local litigant.' Plaintiff, as a major employer and business operator in California, is not the type of litigant that diversity jurisdiction was designed to protect.") Indeed, Starbucks has cited no case, and plaintiff is aware of no case, in which a court has granted a stay pending review of a decision by a higher court where the only question was whether the case would proceed in state court or federal court. Accordingly, Starbucks' motion to stay should be denied for the additional reason

8

SIMON'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STAY

that Starbucks can articulate no harm – let alone the required "clear case of hardship or inequity," *Landis* at 255, – that would result from the denial of a stay.

## CONCLUSION

For all of the above reasons, Simon requests that Starbucks' motion be denied.

Dated: December 23, 2009                           Respectfully submitted,

                                                   BOIES, SCHILLER & FLEXNER, LLP


                                                   _____
                                                   David W. Shapiro
                                                   Jeremy M. Goldman
                                                   1999 Harrison Street, Suite 1900
                                                   Oakland, CA 94612
                                                   (510) 874-1000

                                                   *Attorney for Plaintiff*


                                                   OF COUNSEL:

                                                   David Boies
                                                   333 Main Street
                                                   Armonk, New York 10504
                                                   (914) 749-8200

                                                   Philip M. Bowman
                                                   575 Lexington Avenue
                                                   New York, New York 10022
                                                   (212) 446-2300
                                                   *(pro hac vice motion pending)*

                                                   *Of counsel to Plaintiff*