GIBSON, DUNN & CRUTCHER LLP
ORIN SNYDER (Admitted *Pro Hac Vice*)
osnyder@gibsondunn.com
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

THEANE EVANGELIS KAPUR, SBN 243570
tkapur@gibsondunn.com
KATIE TOWNSEND, SBN 254321
ktownsend@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Attorneys for Defendant,
Starbucks Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **CARLY E. SIMON**, | CASE NO. CV09-09074 GW (PLAx) |
| Plaintiff, | **REPLY IN SUPPORT OF DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW** |
| v. | |
| **STARBUCKS CORPORATION**, | |
| Defendant. | |
| | Date: January 7, 2010<br>Time: 8:30 a.m.<br>Place: Courtroom 10<br>Judge: Hon. George H. Wu |

Gibson, Dunn & Crutcher LLP

**REPLY IN SUPPORT OF DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................. 1

II. ARGUMENT ..................................................................................................... 3

    A. A STAY IS APPROPRIATE REGARDLESS OF WHETHER THE ISSUE BEFORE THE SUPREME COURT IS ONE OF FIRST IMPRESSION .......................................................................................... 3

    B. THE BALANCE OF EQUITIES WEIGH HEAVILY IN FAVOR OF A STAY ............................................................................................... 6

III. CONCLUSION .................................................................................................. 9

i

**REPLY IN SUPPORT OF DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW**

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Am. Honda Motor Co. v. Coast Distrib. Sys.*,
  2007 U.S. Dist. LEXIS 19981 (N.D. Cal. Feb. 26, 2007) ..................................8

*Beck v. Starbucks Corporation*,
  2008 U.S. Dist. LEXIS 111053 (N.D. Cal. Sept. 19, 2008) ..................................1

*Burns v. Mukasey*,
  2009 U.S. Dist. LEXIS 103511 (E.D. Cal. Nov. 5, 2009) ..................................4

*CMAX, Inc. v. Hall*,
  300 F.2d 265 (9th Cir. 1962) ..................................7

*Cone v. United States,*
  1992 U.S. Dist. LEXIS 21917 (N.D. Cal. Sept. 30, 1992) ..................................5

*Ctr. for Biological Diversity v. Henson*,
  2009 U.S. Dist. LEXIS 55709 (D. Or. June 30, 2009) ..................................7

*FormFactor, Inc. v. Micronics Japan Co.*,
  2008 U.S. Dist. LEXIS 13114 (N.D. Cal. Feb. 11, 2008) ..................................7

*Fresno Rifle & Pistol Club v. Van De Kamp*,
  965 F.2d 723 (9th Cir. 1992) ..................................4

*Greene v. Sanchez*,
  2006 U.S. Dist. LEXIS 16112 (E.D. Cal. Mar. 20, 2006) ..................................4

*Hertz Corporation v. Friend*,
  08-1107 (U.S. *cert. granted* June 8, 2009) ..................................1, 2, 6, 7, 8, 9

*In re Literary Works in Elec. Databases Copyright Litig.*,
  2001 U.S. Dist. LEXIS 2047 (S.D.N.Y. Feb. 27, 2001) ..................................5

*Landis v. N. Am. Co.*,
  299 U.S. 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936) ..................................2, 3, 4, 7

*Leyva v. Certified Grocers of California, Ltd.*,
  593 F.2d 857 (9th Cir. 1979) ..................................7

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005) ..................................2, 6, 7

*Mbalati v. Starbucks Corporation*,
  CV 07-3267 RGK (FFMx) (C.D. Cal. June 12, 2007) ..................................1

*Michael v. Ghee*,
  325 F. Supp. 2d 829 (N.D. Ohio 2004) ..................................6

*New York Times Co. v. Tasini*,
  531 U.S. 978, 121 S. Ct. 425, 148 L. Ed. 2d 434 (2000) ..................................5

**REPLY IN SUPPORT OF DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW**

Gibson, Dunn & Crutcher LLP

# Table of Authorities   (*continued*)

Page(s)

*Nordyke v. King*,
    563 F.3d 439 (9th Cir. 2009) ................................................................................4

*Pena v. Cid*,
    2009 U.S. Dist. LEXIS 92605 (E.D. Cal. Oct. 2, 2009) ........................................4

*Tasini v. New York Times Co.*,
    206 F.3d 161 (2d Cir. 1999) ..................................................................................5

*Walker v. Monsanto Co. Pension Plan*,
    472 F. Supp. 2d 1053 (S.D. Ill. 2006) ...................................................................6

## Statutes

28 U.S.C. § 1332 ..............................................................................................................2

28 U.S.C. § 1447(d) .........................................................................................................8

**REPLY IN SUPPORT OF DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW**

Gibson, Dunn & Crutcher LLP

Defendant Starbucks Corporation ("Starbucks") respectfully submits this Reply in support of its Motion to Stay Pending Decision by the United States Supreme Court on a Controlling Issue of Law.

## I. INTRODUCTION

Plaintiff's Opposition to Starbucks' Motion to Stay is based on several outright mischaracterizations. *First*, to be clear, Starbucks respectfully submits that the Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441. If this Court agrees, there is plainly no need for stay.[1] But should this Court have any doubt that it has jurisdiction, Starbucks respectfully requests that the Court stay this case pending controlling guidance from the United States Supreme Court in *Hertz Corporation v. Friend*, 08-1107 (U.S. *cert. granted* June 8, 2009) ("*Hertz*"). Starbucks does not, as Plaintiff wrongly contends, "effectively concede[]," that Starbucks would be found to be a citizen of California under the Ninth Circuit's current test for determining a corporation's citizenship. (Opp. at 1.) To the contrary, as Starbucks clearly states in its Motion to Stay, application of that standard has resulted in conflicting decisions among district courts in California concerning Starbucks' citizenship (*compare Beck v. Starbucks Corporation*, 2008 U.S. Dist. LEXIS 111053, at *1 (N.D. Cal. Sept. 19, 2008), *with Mbalati v. Starbucks Corporation*, CV 07-3267 RGK (FFMx) (C.D. Cal. June 12, 2007)), and Starbucks contends that the order in *Mbalati*, which is not binding on this Court, was in error. Given the conflicting decisions within the Ninth Circuit, and the fact that the United States Supreme Court is expected—very soon—to clarify the appropriate test for determining a corporation's citizenship for purposes of federal diversity jurisdiction, Starbucks has asked this Court to exercise its inherent discretion

---

[1] Indeed, if the Court determines that it has jurisdiction over this action, Starbucks would withdraw its Motion to Stay and the action could then proceed on the merits in this Court.

1

**REPLY IN SUPPORT OF DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW**

Gibson, Dunn & Crutcher LLP

to stay these proceedings, in the interest of justice, to the extent it has any question regarding its jurisdiction over this action.

*Second*, in opposing Starbucks' request for a stay, Plaintiff mischaracterizes the legal framework governing this Court's inherent discretion to stay these proceedings. Specifically, Plaintiff attempts to impose her own rigid requirement for determining when a stay of proceedings is appropriate, arguing that "pending Supreme Court review of a Ninth Circuit decision is not a basis on which to grant a stay of separate proceedings, even where the Supreme Court's decision would affect the outcome of those proceedings." (Opp. at 1–2.)  Plaintiff is incorrect.  Whether a stay is appropriate in this action does not call for the application of rigid rules, but rather "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S. Ct. 163, 81 L. Ed. 153 (1936).  *See also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

Under the proper standard set forth in *Landis*, it is clear that the "competing interests" at issue weigh heavily in favor of a brief stay of proceedings pending a ruling in *Hertz*.  Plaintiff does not—and cannot—dispute that *Hertz* is expected to greatly simplify a threshold question of law relating to this Court's jurisdiction over this action.  A stay would therefore prevent the inequity that would result if Starbucks were deprived of its statutory right to a federal forum under an interpretation of 28 U.S.C. § 1332 that is ultimately inconsistent with a forthcoming decision of the United States Supreme Court.  Plaintiff has not identified *any* harm she would suffer as a result of a brief stay.  Given the interests at stake, the Court should grant Starbucks' Motion to Stay if it has any question regarding its jurisdiction over this case.

2

**REPLY IN SUPPORT OF DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW**

Gibson, Dunn & Crutcher LLP

## II. ARGUMENT

### A. A Stay Is Appropriate Regardless Of Whether The Issue Before The Supreme Court Is One Of First Impression

It is well-settled that this Court has broad discretion to control its docket and may stay proceedings where the Court deems it necessary for proper adjudication. *See Landis*, 299 U.S. at 254–55 ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). Plaintiff wrongly asserts that the Court's inherent power to stay proceedings pending a ruling in a separate action is limited to circumstances involving matters of first impression. (Opp. at 5.) This argument misapprehends controlling case law as well as the nature of this Court's inherent authority to stay proceedings before it.

The United States Supreme Court has expressly rejected rigid, formulaic limitations, such as the one advanced by Plaintiff, on a court's power to stay proceedings. "Viewing the problem as one of power, and of power only," the Court in *Landis* rejected the decisions of some lower courts that imposed a "strict[] rule" that "irrespective of particular conditions, there is no power by a stay to compel an unwilling litigant to wait upon the outcome of a controversy to which he is a stranger." 299 U.S. at 254–55. The Court, concluding that "[s]uch a formula . . . is too mechanical and narrow," held that courts indeed had inherent authority to enter discretionary stays of proceedings pending the resolution of another action. *Id*. In doing so, the Court set forth a flexible test, requiring courts to "weigh competing interests" when determining whether a discretionary stay is warranted. *Id*. Plaintiff's proposed rule—that a court may not stay a proceeding pending a decision in another action unless the issue under consideration is one of first impression—is as rigid and

3

**REPLY IN SUPPORT OF DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW**

mechanical as the rule rejected by the Supreme Court in *Landis*, and it is likewise inconsistent with the broad nature of this Court's power to control its docket.

In support of her novel theory, Plaintiff cites two decisions in which district courts, based on the particular circumstances before them, declined to exercise their discretion to stay proceedings pending decisions by either the Ninth Circuit or the United States Supreme Court: *Burns v. Mukasey*, 2009 U.S. Dist. LEXIS 103511 (E.D. Cal. Nov. 5, 2009), and *Greene v. Sanchez*, 2006 U.S. Dist. LEXIS 16112 (E.D. Cal. Mar. 20, 2006). But these decisions do not purport to establish a rigid rule that would make a discretionary stay of proceedings inappropriate in any case involving an existing precedent on a key issue of law, irrespective of particular circumstances.[2]

---

[2] Indeed, *Burns* directly contradicts Plaintiff's position. Plaintiff argues that *Pena v. Cid*, 2009 U.S. Dist. LEXIS 92605 (E.D. Cal. Oct. 2, 2009), is inapposite because the controlling issue of law in question was "an issue of first impression in the Ninth Circuit." (Opp. at 6.) According to Plaintiff, *Pena* involved a situation in which there was "no settled law in the Ninth Circuit" on the issue of whether the Second Amendment is applicable to the states, and in support of this contention, Plaintiff points to the fact that the Ninth Circuit vacated its earlier opinion in *Nordyke v. King*, 563 F.3d 439 (9th Cir. 2009), when it granted *en banc* rehearing. *Id.* Thus, Plaintiff concludes, it was "appropriate to grant a short stay to allow the Ninth Circuit to rehear [*Nordyke*] *en banc*." (Opp. at 6.) Plaintiff, however, wholly fails to reconcile this contention with the outcome in *Burns*, a case she principally relies on for support. The district court in *Burns* declined to stay proceedings pending resolution of four actions, including the "eventual *en banc* decision [of the Ninth Circuit ] in *Nordyke*." 2009 U.S. Dist. LEXIS 103511, at *8. In finding a stay unwarranted under the circumstances before it, the district court in *Burns* pointed to what it viewed as controlling Ninth Circuit case law on the issue of whether the Second Amendment applies to the states: *Fresno Rifle & Pistol Club v. Van De Kamp*, 965 F.2d 723 (9th Cir. 1992), "the latest Ninth Circuit decision addressing the issue before *Nordyke* was initially decided." 2009 U.S. Dist. LEXIS 103511, at *7. Concluding that under *Fresno Rifle*, "the Second Amendment does not apply to the states," and that a stay would be "unfair" to the plaintiff, the district court determined that a stay of proceedings pending a decision in *Nordyke* and three other Supreme Court cases was not warranted in the case before it. *Burns*, 2009 U.S. Dist. LEXIS 103511, *2. The district court in *Pena*, on the other hand, found that a stay of proceedings pending a decision in *Nordyke* was appropriate under the circumstances of that case, not because there was no relevant Ninth Circuit precedent (which there clearly was), but rather because the district court expected that the decision in *Nordyke* would clarify that "foundational issue" and "almost certainly provide crucial direction to the court in its analysis of the firearms regulation in this case." *Pena*, 2009 U.S. Dist. LEXIS 92605, *6.

4

**REPLY IN SUPPORT OF DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW**

Gibson, Dunn & Crutcher LLP

Indeed, as the district court decision in *Cone v. United States* illustrates, the mere fact that a court declines to exercise its authority to stay proceedings in a given case pending a decision by the United States Supreme Court does not mean the district court lacks the power to do so. 1992 U.S. Dist. LEXIS 21917, *7 n.4 (N.D. Cal. Sept. 30, 1992) ("This court *does have discretion to stay a decision pending a Supreme Court ruling*. . . . This court, however, is not persuaded that the interests of justice weigh in favor of granting a stay. Accordingly, this court does not stay its decision.") (emphasis added).

Moreover, other district courts, applying the standard set forth in *Landis*, have stayed proceedings before them pending consideration by the United States Supreme Court of a "settled" decision of the Court of Appeals. For example, in *In re Literary Works in Elec. Databases Copyright Litig.*, 2001 U.S. Dist. LEXIS 2047, *2 (S.D.N.Y. Feb. 27, 2001) ("*Literary Works*"), the district court stayed proceedings in the multidistrict litigation before it—involving copyright infringement claims brought by a class of freelance authors against the owners and operators of large electronic databases that provided access to the authors' written material—"pending a decision by the United States Supreme Court in *New York Times Co. v. Tasini*, 531 U.S. 978, 121 S. Ct. 425, 148 L. Ed. 2d 434 [(2000)]." In *Tasini*, the United States Supreme Court granted certiorari to review *Tasini v. New York Times Co.*, 206 F.3d 161 (2d Cir. 1999), the controlling decision of the Second Circuit Court of Appeals at the time regarding precisely the type of copyright infringement claims at issue in *Literary Works*.

None of the parties in *Literary Works* disputed the relevance of the outcome of *Tasini* to their litigation. And the district court, noting that the Supreme Court had already scheduled oral argument in *Tasini*, and that the parties anticipated a decision from the Court before the end of its term in June, rejected the plaintiffs' assertion "that regardless of the potential outcome in *Tasini*, expeditiously moving forward best

5

**REPLY IN SUPPORT OF DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW**

Gibson, Dunn & Crutcher LLP

serves the interests of judicial economy." *Literary Works*, 2001 U.S. Dist. LEXIS 2047, *4.  Instead, the district court found that "a stay within the bounds of moderation, automatically ending upon a decision by the United States Supreme Court in *Tasini*, is an appropriate exercise of this Court's discretion."  *Id*.  *See also Michael v. Ghee*, 325 F. Supp. 2d 829, 832 (N.D. Ohio 2004) (staying proceedings pending review by the United States Supreme Court of controlling decision of the Sixth Circuit Court of Appeals, noting that the controlling issues of law before the Supreme Court, involving an interpretation of 42 U.S.C. § 1983, had "plagued the circuit courts of appeal, which are hopelessly in conflict on this issue"); *Walker v. Monsanto Co. Pension Plan*, 472 F. Supp. 2d 1053, 1054–55 (S.D. Ill. 2006) (staying proceedings pending resolution by the United States Supreme Court of a petition for writ of certiorari regarding a controlling decision of the Seventh Circuit Court of Appeals).

As set forth in Starbucks' Motion to Stay, the considerations regarding whether to stay this action pursuant to *Landis* are set forth by the Ninth Circuit in *Lockyer v. Mirant Corp.*:  "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  398 F.3d 1098, 1110 (9th Cir. 2005).  By this measure, a stay is plainly warranted.  (*See* Mot. at 6–8.)

**B.     The Balance Of Equities Weigh Heavily In Favor Of A Stay**

The stay requested by Starbucks is far from indefinite, and is likely to be relatively brief.  As explained in both Starbucks' Motion to Stay (Mot. at 4), and Plaintiff's Opposition (Opp. at 7), the United States Supreme Court heard oral argument in the *Hertz* case on November 10, 2009.  A decision will issue, at the latest,

6

**REPLY IN SUPPORT OF DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW**

Gibson, Dunn & Crutcher LLP

sometime in June 2010,[3] and likely much earlier.  But in any event, this Court has the authority to periodically revisit its decision staying the case at any point.

The maximum potential length of this stay is not unreasonable when viewed in relation to the "urgency" of Plaintiff's claims.  *See Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979); *see also Ctr. for Biological Diversity v. Henson*, 2009 U.S. Dist. LEXIS 55709 (D. Or. June 30, 2009) (finding a six month stay reasonable in relation to the urgency of the claims presented to the court).  While Plaintiff asserts that a "potential delay of six months would plainly prejudice her" (Opp. at 8), she has identified *no specific harm* that she expects to suffer as a result of the stay requested by Starbucks.  Plaintiff has not identified a single witness or piece of evidence that is likely to be unavailable should the case be stayed pending a decision in *Hertz*.  Nor is Plaintiff seeking injunctive relief—relief that might militate a swift resolution of her claims.  As noted in Starbucks' Motion to Stay, "[p]otential monetary damages are not sufficient harm to warrant not staying [a] proceeding."  *FormFactor, Inc. v. Micronics Japan Co.*, 2008 U.S. Dist. LEXIS 13114, *7 (N.D. Cal. Feb. 11, 2008) (*citing CMAX, Inc. v. Hall*, 300 F.2d 265, 268–69 (9th Cir. 1962)).[4]

---

[3] Starbucks notes that in very rare cases, a case in the United State Supreme Court may carry into the following October Term due to reargument.  However, should this unlikely event occur, this Court may revisit the propriety of any stay in light of that development.

[4] Plaintiff appears to argue that *CMAX* does not stand for the proposition that this Court may consider the type of relief she seeks when evaluating the propriety of a discretionary stay under *Landis*, 299 U.S. 248.  (Opp. at 7–8.)  This is simply inaccurate.  In *CMAX* the Ninth Circuit, applying *Landis*, plainly considered the relief sought by the plaintiff in determining the harm to the plaintiff, if any, that would result from a stay.  *CMAX, Inc.*, 300 F.2d at 268–69 ("The relief which [plaintiff] seeks in the district court action is money damages.  A delay in the trial will delay any such recovery.  Whether petitioner will be deprived of interest on any amount which might be recovered during the period in which entry of judgment is delayed, we do not undertake to say.  But this, in any event, would be the extent of its damage.").  Other courts agree with this interpretation of *CMAX*.  *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110, 1112 (9th Cir. 2005).  *See also Am. Honda*

[Footnote continued on next page]

7

**REPLY IN SUPPORT OF DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW**

Gibson, Dunn & Crutcher LLP

Moreover, Plaintiff's claims of urgency ring hollow given that she waited *over one year* to file this action against Starbucks,[5] and then, after filing her complaint, failed to serve Starbucks for *over one month*.[6] Plaintiff's own delay in filing this suit and serving Starbucks belies her current claim that she would be prejudiced by a stay of these proceedings pending a ruling in *Hertz*. When Plaintiff's opposition to Starbucks' modest stay request is viewed in light of her own conduct and the claims asserted in her complaint, it is clear that her opposition stems from her desire to litigate this case pursuant to a schedule she deems convenient—not any real prejudice.

While a temporary stay of proceedings will not harm Plaintiff, Starbucks will suffer significant hardship and inequity should the Court deny Starbucks' stay request and remand this action to state court. Congress has provided litigants like Starbucks a federal statutory right to remove a case to federal court on the basis of diversity, and Plaintiff would seek to deprive Starbucks of that statutory right based solely on the Plaintiff's preferred timetable for this litigation. If any uncertainty over its jurisdiction causes the Court to remand the case now, Starbucks would be denied its statutory right to a federal forum under an interpretation of 28 U.S.C. § 1332 that will likely be ultimately inconsistent with the opinion of the United States Supreme Court in *Hertz*— and Starbucks would be left with no recourse to challenge that erroneous remand order following a decision in *Hertz*. 28 U.S.C. § 1447(d).

---

[Footnote continued from previous page]
   *Motor Co. v. Coast Distrib. Sys.*, 2007 U.S. Dist. LEXIS 19981 (N.D. Cal. Feb. 26, 2007).

[5] Based on the complaint, Plaintiff's claims allegedly arose, at the latest, in April, 2008. Plaintiff filed her complaint on October 9, 2009.

[6] Plaintiff served a copy of the summons and complaint on Starbucks' registered agent on November 11, 2009.

8

**REPLY IN SUPPORT OF DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW**

Gibson, Dunn & Crutcher LLP

### III. CONCLUSION

It is clear that the "competing interests" at issue weigh heavily in favor of the moderate stay of proceedings requested by Starbucks should this Court have any doubt as to its jurisdiction over this matter. Plaintiff will suffer no harm as a result of this stay, and the interests in sound administration of justice and fundamental fairness to Starbucks counsel strongly in favor of a stay. Thus, if this Court has any question regarding its jurisdiction over this action, Starbucks respectfully requests that the Court stay this case pending controlling guidance from the United States Supreme Court in *Hertz.*

DATED: December 30, 2009

>Orin Snyder
>GIBSON, DUNN & CRUTCHER LLP
>
>
>By: _____/s/_____
>        Orin Snyder
>Attorneys for Defendant Starbucks Corporation

9

**REPLY IN SUPPORT OF DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW**

Gibson, Dunn & Crutcher LLP