# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-9074-GW(PLAx) | Date | January 7, 2010 |
| Title | *Carly E. Simon v. Starbucks Corporation* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  
Philip M. Bowman

Attorneys Present for Defendants:  
KatieLynn Townsend  
Theane Evangelis Kapur

**PROCEEDINGS:** DEFENDANT STARBUCKS CORPORATION'S MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT ON A CONTROLLING ISSUE OF LAW (filed 12/14/09)

Hearing is held. The tentative circulated is hereby adopted as the Court's final ruling (attached). Defendant Starbucks Corporation's Motion to Stay Pending Decision by the United States Supreme Court on a Controlling Issue of Law is **denied.**

Further, Defendant is ordered to show cause in writing by no later than February 1, 2010, why this case should not be remanded to state court.

A hearing regarding the jurisdiction issue is set for **February 8, 2010 at 8:30 a.m.** The Scheduling Conference set for February 4, 2010 is **taken off calendar.**

IT IS SO ORDERED.

: 06

Initials of Preparer    JG

***Simon v. Starbucks Corp.***, Case No. CV-09-9074
Tentative Ruling on Motion for Stay

**Background**

Plaintiff Carly Simon ("Plaintiff" or "Simon") is a well known singer-songwriter. She is suing Defendant Starbucks Corporation ("Defendant" or "Starbucks") for fraud, tortious interference with contract, and violations of California Business & Professions Code § 17200. Plaintiff alleges that, on August 7, 2008, she entered into an exclusive record license agreement with StarCon LLC, dba Hear Music ("Hear Music"), an entity formed by Starbucks and Concord Music Group. *See* Complaint ¶¶ 5, 18. Although Hear Music delivered a marketing plan to Plaintiff indicating that her album would be extensively marketed at Starbucks locations throughout the United States and Canada, just five days prior to the release of the album, Starbucks withdrew from the operations of Hear Music. *Id.* at ¶ 23. Plaintiff alleges on information and belief that Starbucks made the decision to withdraw from Hear Music well before it issued its announcement and intentionally concealed that decision from Plaintiff. *Id.* at ¶ 24. Starbucks' decision to withdraw from Hear Music allegedly interfered with Hear Music's ability to satisfactorily perform its obligations under its contract with Simon. *Id.* at ¶ 33. As a result of the actions alleged in the Complaint, sales of the album were far below what was projected based on plaintiff's prior albums. *Id.* at ¶ 38.

This action was originally filed in Los Angeles Superior Court and was removed by Defendant on December 10, 2009, on the basis of diversity jurisdiction. The jurisdictional allegations in the Notice of Removal are insufficient. As Defendant itself acknowledges, corporate entities are citizens of their state of incorporation and the state of their principal place of business. *See* 28 U.S.C. 1332(c). In the Ninth Circuit, two tests are used to determine principal place of business. *See, e.g., Davis v. HSBC Bank*, 557 F.3d 1026, 1028 (9th Cir. 2009). Under the "place of operations test," a corporation's principal place of business is the state containing a "substantial predominance" of its corporate operations. *Id.* If there is no state that contains a substantial predominance of corporate operations, courts within this circuit apply a "nerve center" test which asks in which state the majority of the corporation's executive and administrative functions are performed. *See id.* Acknowledging that some courts applying the "place of operations" test have determined that Starbucks is a citizen of California (*see e.g. Mbalati v. Starbucks Corp.*, CV-07-3267-RGK (FFMx) (C.D. Cal. June 12, 2007)), Defendant in its Notice of Removal nevertheless makes no showing with regard to that test (or its inapplicability) and instead simply asserts that its corporate headquarters are in the state of Washington.

Apparently aware of this deficiency, Defendant now seeks a stay of this entire action pending the United States Supreme Court's issuing a ruling in *Hertz Corporation v. Friend*, 129 S.Ct. 2766, 174 L.Ed.2d 269 (2009), which is expected to clarify the proper test for determining a corporation's principal place of business, and thus its citizenship, for the purposes of federal diversity jurisdiction under 28 U.S.C. § 1332. Oral arguments were heard in *Hertz* on November 10, 2009.

**Legal Standard**

Pursuant to its inherent authority to stay proceedings before it, "[a] trial court may . . . enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyve v. Certified Gerocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). In deciding whether to grant or refuse a stay, the Court must weigh the "competing interests" that will be affected. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

**Analysis**

The deficiency in the Notice of Removal does not in itself defeat removal jurisdiction. *See* Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Trial § 2:1005 at 2D-192 (2007). Defendant should be given an opportunity to properly allege diversity jurisdiction and, if it cannot do so, the case should be remanded to state court. As Plaintiff observes, this is not an issue about which the law in the Ninth Circuit is unsettled. While Plaintiff has not cited any case authority holding that a mere delay in a case in which only damages are sought necessarily equates with prejudice to the Plaintiff, neither has Defendant offered any compelling reason for granting a stay. A recent recommendation by a Magistrate Judge in the Eastern District addressed a request for a stay of proceedings pending resolution of cases before the United States Supreme Court and the Ninth Circuit. *See Burns v. Mukasey*, 2009 U.S. Dist. LEXIS 103511 (E.D. Cal. Nov. 5, 2009). There, the Magistrate Judge wrote, "[T]he current precedent which this court must follow answers the question . . . . Whether the Supreme Court may eventually conclude otherwise . . . does not change the binding effect of current valid case law." The same reasoning applies in this case.

**Conclusion**

The request for a stay will be denied, and Defendant will be ordered to show cause why the case should not be remanded to state court.