Philip M. Bowman
BOIES, SCHILLER & FLEXNER, LLP
575 Lexington Avenue
New York, New York 10022
(212) 446-2300
pbowman@bsfllp.com
(admitted pro hac vice)

David W. Shapiro  (SBN 219265)
Jeremy M. Goldman (SBN 218888)
BOIES, SCHILLER & FLEXNER, LLP
1999 Harrison Street, Suite 1900
Oakland, CA 94612
(510) 874-1000
dshapiro@bsfllp.com, jgoldman@bsfllp.com

*Attorneys for Plaintiff Carly E. Simon*

David Boies
BOIES, SCHILLER & FLEXNER, LLP
333 Main Street
Armonk, New York 10504
(914) 749-8200
dboies@bsfllp.com

*Of Counsel to Plaintiff Carly E. Simon*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| CARLY E. SIMON,<br><br>   Plaintiff,<br><br>   v.<br><br>STARBUCKS CORPORATION,<br><br>   Defendants. | **Case No. CV09-09074 GW (PLAx)**<br><br>PLAINTIFF CARLY E. SIMON'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S RETURN TO THE COURT'S JANUARY 7, 2010 ORDER TO SHOW CAUSE<br><br>(Civil Code §§ 1709, 1710, Tortious Interference with Contract, Business & Professions Code §17200 *et seq.*) |

---

SIMON'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S RETURN TO THE COURT'S
JANUARY 7, 2010 ORDER TO SHOW CAUSE

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................... 1

I.  INTRODUCTION .............................................................................................................. 1

II. DISCUSSION .................................................................................................................... 2

    A.    STARBUCKS HAS FAILED TO SHOW THAT CALIFORNIA DOES NOT HAVE A SUBSTANTIAL PREDOMINANCE OF STARBUCKS' BUSINESS ACTIVITY. .................................................................................................... 2

        1.    The Ninth Circuit Standard for Determining a Corporation's Citizenship for Purposes of Diversity Jurisdiction .......................... 2

        2.    Starbucks is a Citizen of California Because a Substantial Predominance of its Business Activity Occurs in California. .......... 4

III. REQUEST FOR JUST COSTS AND EXPENSES ........................................................ 9

CONCLUSION ................................................................................................................. 11

i

# TABLE OF AUTHORITIES

**Cases**

*Aralleno v. Home Depot, Inc.*,
  245 F.Supp.2d 1102 (S.D. Cal. 2003) ................................................................................ 6

*Boggs v. Lewis*,
  863 F.2d 662 (9th Cir. 1988) ............................................................................................. 3

*Burgos v. United Airlines, Inc.*,
  No. C 00-04717, 2002 WL 102607 (N.D. Cal. Jan. 11, 2002) ......................................... 7

*Davis v. HSBC Bank Nevada, N.A.*,
  557 F.3d 1026 (9th Cir. 2009) ........................................................................................... 6

*Gaus v. Miles, Inc*,
  980 F.2d 564 (9th Cir. 1992) ............................................................................................. 4

*Ghaderi v. United Airlines, Inc.*,
  136 F.Supp.2d 1041 (N.D. Cal. 2001) ..................................................................... 3, 4, 9

*Hertz Corporation v. Friend*,
  08-1107 (U.S. cert granted June 8, 2009) ..................................................................... 1, 9

*Ho v. Ikon Office Solutions, Inc.*,
  143 F.Supp.2d 1163 (N.D. Cal. 2001) ..................................................................... 2, 6, 7

*Industrial Tectonics, Inc. v. Aero Alloy*,
  912 F.2d 1090 (9th Cir. 1990) ........................................................................................... 3

*Lao v. Wickes Furniture Company, Inc.*,
  455 F.Supp.2d 1045 (C.D. Cal. 2006) .............................................................................. 8

*Martin v. Franklin Capital Corp.*,
  546 U.S. 132, 126 S.Ct. 704 (2005) .................................................................................. 9

*Mbalati v. Starbucks Corp.*,
  CV 07-3267 RGK (FFMx) (C.D. Cal. June 12, 2007) ..................................................... 7

*Tosco Corp. v. Communities for a Better Environment*,
  236 F.3d 495 (9th Cir. 2001) .......................................................................................... 3, 4

**Statutes**

28 U.S.C. § 1441 ................................................................................................... 1, 2, 11

28 U.S.C. § 1447 .......................................................................................................................... 9

28 U.S.C. §§ 1332 .................................................................................................................... 1, 2

iii

Plaintiff Carly E. Simon ("Simon") respectfully submits this memorandum of law in opposition to Defendant Starbucks Corporation's ("Starbucks") Return to the Court's January 7, 2010 Order to Show Cause.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I. **INTRODUCTION**

On October 9, 2009, Simon, a citizen of Massachusetts, filed this action based on state law against Defendant Starbucks in Los Angeles Superior Court. On December 10, 2009 Starbucks removed this action on the basis of diversity pursuant to 28 U.S.C. §§ 1332 and 1441. At the same time, Starbucks filed a motion to stay all proceedings in this case pending a decision by the United States Supreme Court in *Hertz Corporation v. Friend*, 08-1107 (U.S. cert granted June 8, 2009). On January 7, 2010, this Court denied Starbucks' motion to stay the proceedings and ordered Starbucks to show cause why the case should not be remanded to state court. *See* Order dated January 7, 2010. Starbucks fails to establish that California is not its principal place of business for the purpose of diversity jurisdiction. Accordingly, Starbucks is deemed a citizen of California. Therefore, this case was not properly removed to federal court and the court must remand this case to state court. *See* 28 U.S.C. § 1441 (b) (where no federal question jurisdiction exists, actions are only removable if no defendant is a citizen of the state in which the action was brought.)

## II. DISCUSSION

**A. Starbucks Has Failed to Show That California Does Not Have a Substantial Predominance of Starbucks' Business Activity.**

Starbucks has failed to establish that California does not contain a substantial predominance of the corporation's business activity. Accordingly, under the Ninth Circuit's place of operations test, Starbucks is deemed a citizen of California for purposes of determining diversity jurisdiction. As a citizen of California, Starbucks may not properly remove this action to federal court pursuant to 28 U.S.C. § 1441 (b) (where no federal question jurisdiction exists, actions are only removable if no defendant is a citizen of the state in which the action was brought.)

**1. The Ninth Circuit Standard for Determining a Corporation's Citizenship for Purposes of Diversity Jurisdiction.**

In determining whether there is diversity between parties, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Ninth Circuit uses the "place of operations test" to determine a corporation's principal place of business unless the corporation can show that its activities do not substantially predominate in any one state.[1] *See Tosco Corp. v. Communities for a Better*

---

[1] Only when the party seeking to invoke federal court jurisdiction proves that no state contains a substantial predominance of the corporation's business activity does the Ninth Circuit apply the alternative "nerve center test" to determine a corporation's principal place of business. *Ho v. Ikon Office Solutions, Inc.*, 143 F.Supp.2d 1163, 1164 (N.D. Cal. 2001). The "nerve center test" locates the corporation's principal place of business by locating the place where the corporation chose to center ultimate power over corporate policy and administration. *Id.* at 1164-65. As discussed *supra*, Starbucks has failed to show that it does not conduct a substantial predominance of its

2

*Environment*, 236 F.3d 495, 500 (9th Cir. 2001). The Ninth Circuit considers a number of factors to determine if a given state contains a substantial predominance of corporate activity, including the location of employees, tangible property, production activities, sources of income, and where sales take place. *Id.* at 500 (9th Cir. 2001).

When quantifying corporate activity to determine a corporation's principal place of business, courts in the Ninth Circuit keep in mind that the purpose of diversity jurisdiction is to avoid the effects of prejudice against outsiders. *See Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990). A corporation's "principal place of business should be the place where the corporation conducts the most activity that is visible and impacts the public, so that it is least likely to suffer from prejudice against outsiders"); *Ghaderi v. United Airlines, Inc.*, 136 F.Supp.2d 1041, 1043 (N.D. Cal. 2001) ("The primary purpose of the diversity statute is to avoid prejudice against 'outsiders.' Parties who have a great deal of contact with the public in a particular state are not likely to be considered outsiders and, therefore, are not likely to be victims of discrimination by 'locals.'"). Accordingly, when courts evaluate business activity for the purpose of determining a corporation's principal place of business, they focus on the type of activity that has maximum contact and visibility with the public.

The Ninth Circuit strictly construes the removal statute against removal jurisdiction. *Boggs v. Lewis*, 863 F.2d 662 (9th Cir. 1988). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v.*

---

business activity in California, therefore California is deemed its place of citizenship under the "place of operations test" and the "never center test" does not apply.

*Miles*, 980 F.2d 564, 566 (9th Cir. 1992). Therefore, a corporation seeking to invoke diversity jurisdiction in a California federal court must demonstrate "that California does not contain a substantial predominance of its business activity. In considering the evidence, doubts must be resolved against [the corporation]." *Ghaderi*, 136 F.Supp.2d at 1045 (N.D. Cal. 2001).

### 2. Starbucks is a Citizen of California Because a Substantial Predominance of its Business Activity Occurs in California.

The facts cited by Starbucks make clear that Starbucks maintains a substantial predominance of its business activities in California. It derives over a quarter of its revenue from California, maintains twenty-two percent of its retail locations in California, and employs over a quarter of its workforce in California. *See Tosco Corp.*, 236 F.3d at 500 (9th Cir. 2001) (factors taken into account to determine substantial predominance of corporate activity include the location of employees, tangible property, production activities, sources of income, and where sales take place). Starbucks' presence in California is significantly larger than in any other state, and cannot be explained based on California's size relative to the population of the United States as a whole, because California comprises only 11% of the national population.[2]

---

[2] The U.S. Census Bureau estimates that as of July 1, 2009, California had a total population of 36,961,664 while the national population was 307,006,550. *See* U.S. Census Bureau, "Annual Estimates of the Population for the United States, Regions, States, and Puerto Rico: April 1, 2000 to July 1, 2009," available at http://www.census.gov/popest/states/NST-ann-est.html. Starbucks misstated California's population in its brief. *See* Starbucks' Return to the Court's January 7, 2010 Order to Show Cause dated January 25, 2010 ("Def. Return") at 3.

4

---
SIMON'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S RETURN TO THE COURT'S
JANUARY 7, 2010 ORDER TO SHOW CAUSE
CVC

Specifically, in fiscal year 2009, Starbucks had approximately $7.1 billion in total U.S. net revenues. *See* Def. Return at 5. Of that total, 26.63% of Starbucks' revenue came from California in contrast to 7.18% from Texas and 6.95% from New York, the states with the next highest shares of revenue. *See id.* at 5, n.5.

As of January 22, 2010, there were a total of 11,128 Starbucks operated and licensed retail stores in the United States. *See id.* at 4. 21.2% of those retail stores are in California in comparison to 7.3% in Texas and 4.4% in New York, the states with the next highest shares of retail stores. *See id.* at 4, n. 5.

As of December 31, 2009, Starbucks employed approximately 108,769 employees. *See id.* at 5. 26% of Starbucks' total workforce is employed in California, compared to 9.31% in Washington, Starbucks' state of incorporation, and 7.53% in Texas, the second largest state in the U.S. *See id.* at 5 (stating that Starbucks employ 28,257 employees in California, 10,122 in Washington, and 8,194 in Texas).

Starbucks argues that these numbers do not mean that it has a substantial predominance of business in California because these numbers simply reflect the fact that California is the largest state. That argument does not withstand scrutiny.

For example, although California's population is only approximately 50%[3] greater than that of Texas', Starbucks derives nearly *four times* as much revenue from California than from Texas, the state with the next highest percentage of Starbucks' revenue. Similarly, Starbucks has nearly *three times* as many retail stores in California

---

[3] Starbucks miscalculates California's population as roughly 38% higher than that of Texas' in its memorandum. *See* Def. Return at 3, n.3.

5

as in Texas and nearly *four times* as many retail stores in California as in New York (although California is less than twice the size of New York). Starbucks also has nearly *three times* as many employees in California as in Washington, the state with the next most employees.

Indeed, as noted above, California represents only approximately 11% of the population of the United States. By any of the measures Starbucks relies on, California has *more than double* its proportional share of Starbucks operations. Accordingly, the predominance of Starbucks's operations in California is not merely the result of the fact that those operations "cater to California's larger population" and the cases cited by Starbucks applying that principle are thus inapposite.[4] *See id.* at 5. Based purely on the facts supplied by Starbucks, Starbucks has failed to show that a substantial predominance of its business is not in California. *See Tosco*, 236 F.3d 495 (finding that

---

[4] Courts have discounted showings of modest increased business activity in California for national retailers, but not when the increased activity is as significant as it is here. In *Aralleno v. Home Depot, Inc.*, the defendant, Home Depot, employed 15.1% of its workforce in California in comparison to 9.3% in Florida, 8% in Georgia, 6.9% in New York and 6.9% in Texas. 245 F.Supp.2d 1102, 1106 (S.D. Cal. 2003). There, the court found that "the percentage of the corporation's activities in each of many states [was] so modest, the distorting effect . . . of the forum state's size must be taken into consideration." *Id.* at 1107 (internal quotation marks omitted). Similarly, in *Ho v. Ikon Office Supplies*, Ikon employed 8.6% of its workforce in California compared to 7.4% in Texas, 4.9% in both Pennsylvania and New York, and 4.8% in Florida. 143 F.Supp.2d 1163, 1165 (N.D. Cal. 2003). The court found that the modest difference of Ikon's workforce in California did not show a substantial predominance of business activity because "no single state contain[ed] as much as 10% of Ikon's workforce," including California, which had "less then [sic] 10% of the national total." *Id.*; *see also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032-33 (9th Cir. 2009) (finding no substantial predominance of business activity where the defendant, Best Buy, employed 13% of its employees in California as compared to 9% in Texas, the next most populous state).

6

Tosco failed to show that a substantial predominance of its business activity did not occur within California when it employed 21% of its workforce in California, 40% of its refining capacity was contained in California, 35% of its retail marketing locations were in California, and it derived one-third of its sales in California, without a showing of any other states with comparable activity); *see also Burgos v. United Airlines, Inc.*, No. C 00-04717, 2002 WL 102607, *4-5  (N.D. Cal. Jan. 11, 2002) (finding that United Airlines had a substantial predominance of business activity in California despite the fact that its headquarters were in Illinois where it had 31% more employees in California irrespective of position, spent 71% of its dollars in California; 42% of passenger activity departing from California, and more revenue generated in California); *Mbalati v. Starbucks Corp.*, CV 07-3267 RGK (FFMx) (C.D. Cal. June 12, 2007) (finding Starbucks a citizen of California because 27% of Starbucks' total workforce is in California – 100% more than the next highest state, 25% of Starbucks' revenue is generated in California – more than 300% more than the next highest state, and 27% of Starbucks' retail stores are in California – more than 200% more than the next highest state.)

Moreover, as noted above, the touchstone of the analysis of removal on diversity grounds is avoidance of prejudice against out-of state litigants.  *See infra* at 4.  Thus, for example, in considering the relative number of employees in different states, courts consider not only the bare number employed by the corporation but also the number of employees that interact with the public.  *See Ho*, 143 F.Supp.2d at 1165 ("In addition to employment relationships, we evaluate the number of Ikon's employees who interact

7

with consumers in a particular state."); *Burgos v. United Airlines, Inc.*, No. C 00-04717 WHA, 2002 WL 102607,*4 (N.D. Cal. Jan. 11, 2002) ("Employee positions dealing with United's consumers and the traveling public, however, are most probative. This is because where the corporation has the most public contact and greatest potential for litigation helps reduce the federal diversity case load, which is a primary goal of the principal place of business provision of the diversity statute. Local contact alleviates the problems of local prejudice against outsiders") (internal quotation marks omitted).

Starbucks admits that the majority of the individuals it employs work in Starbucks-operated retail stores while the remainder work in Starbucks' administrative and regional offices, store development, roasting and warehousing operations. *See* Def. Return at 5. Since Starbucks admits that none of its roasting and distribution operations are in California and that its corporate headquarters are in Seattle, Washington, *see id.* at 7, it appears that the vast majority, if not all, of the Starbucks employees in California work in Starbucks-operated retail stores where they have daily contact with the California populace.[5]

---

[5] Starbucks argues that on a per capita basis, Starbucks employs more Washingtonians than Californians. First, a per capita analysis is not required by the Ninth Circuit. *See Lao v. Wickes Furniture Company, Inc.*, 455 F.Supp.2d 1045, 1063 (C.D. Cal. 2006) ("[A] *per capita* means of examining the pertinent factors [to determine substantial predominance of business activity for purposes of diversity jurisdiction] . . . is certainly not one required by Ninth Circuit precedent"). Second, considering that Starbucks admits that its corporate headquarters and a large segment of its roasting and distribution facilities are in Washington, it would appear that most of the Washingtonians it employs are involved in the production and administrative functions with minimal contacts with the public.

In addition, as noted above, California has more retail stores – even on a per capita basis – than any other state for which information was provided by Starbucks. (Indeed, it has twice as many stores per capita than New York, for example.[6]) Thus Californians are presumably more familiar with Starbucks than the people of any other state. Starbucks therefore cannot claim that it would suffer prejudice in a California state court on the grounds that it is an outsider. *See Ghaderi*, 136 F.Supp.2d at 1043 (N.D. Cal. 2001) ("The primary purpose of the diversity statute is to avoid prejudice against 'outsiders'").

## III. REQUEST FOR JUST COSTS AND EXPENSES

Plaintiff requests that this Court order Defendants to pay just costs and attorney's fees incurred by the Plaintiff as a result of the removal pursuant to 28 U.S.C. § 1447(c). 28 U.S.C. §1447 (c) provides that a federal court, upon granting a motion for remand, "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" when the removing party lacks an objectively reasonable basis for seeking removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704 (2005).

Starbucks effectively admitted that it had no reasonable basis to remove this action pursuant to 28 U.S.C. 1332 and 1441 when it filed a motion to stay all

---

[6] Starbucks states that out of a total of 11,128 Starbucks-operated and licensed retail stores, 2,357 are in California and 490 are in New York. *See* Def. Return at 4. Based on California's population of 36,961,664 and New York's population of 19,541,453 as estimated by the U.S. Census Bureau (*see id.* at 3), there is one store per 15,682 individuals in California as compared to New York where there is one store per 39,880 individuals.

9

proceedings in this case pending a decision by the United States Supreme Court in *Hertz Corporation v. Friend*, 08-1107 (U.S. cert granted June 8, 2009) concurrently with removal.  In its motion to stay, which this Court denied on January 7, 2010, Starbucks argued that this case should be stayed pending the Supreme Court's review of the Ninth Circuit's test to locate a corporation's principal place of business for the purpose of diversity jurisdiction.  Although Starbucks was aware that some California district courts had already determined that Starbucks is a citizen of California under the Ninth Circuit's test, Starbucks removed the case without any showing that removal was proper and sought a stay in hopes that the Supreme Court would change the current established precedent.  *See* Order dated January 7, 2010.   Starbucks chose to proceed, even though it was aware of highly relevant legal authority contrary to its position.  *See Kamara v. Walgreens, Inc.*, No. 05-01786 SC, 2005 WL 2397519, *3 (N.D. Cal. Sept. 28, 2005) (granting Plaintiff just costs and fees pursuant to 1447(c) when Defendant's counsel "should have been aware of and mentioned highly relevant legal authority contrary to their position.")  Accordingly, Plaintiff should be awarded just costs and fees incurred as a result of removal.

**CONCLUSION**

Starbucks has failed to show that it does not perform a predominance of its business activity within the state of California. Accordingly, under the Ninth Circuit's place of operations test, Starbucks is deemed a citizen of California. As a citizen of California, Starbucks may not properly remove this action to federal court. *See* 28 U.S.C. § 1441(b). Thus, Plaintiff respectfully requests that the Court remand this action to the state court and award Plaintiff just costs and expenses.

Dated: February 1, 2010

Respectfully submitted,
BOIES, SCHILLER & FLEXNER, LLP

_____
Philip M. Bowman
575 Lexington Avenue
New York, New York 10022
(212) 446-2300
*(admitted pro hac vice)*

David W. Shapiro
Jeremy M. Goldman
1999 Harrison Street, Suite 1900
Oakland, CA 94612
(510) 874-1000

*Attorney for Plaintiff*

OF COUNSEL:
David Boies
333 Main Street
Armonk, New York 10504
(914) 749-8200

*Of counsel to Plaintiff*