# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-9074-GW(PLAx) | Date | February 8, 2010 |
| Title | Carly E. Simon v. Starbucks Corporation | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Philip M. Bowman | Theane Evangelis Kapur |

**PROCEEDINGS:** **HEARING RE JURISDICTION**

Hearing is held. The Court's tentative ruling is circulated and attached hereto. Court hears oral argument.

Counsel for defendant shall file and set their Motion to Dismiss for hearing on **March 29, 2010 at 8:30 a.m.** Parties may stipulate as to the briefing schedule with the reply due by March 22, 2010.

IT IS SO ORDERED.

: 03

Initials of Preparer   JG

*Simon v. Starbucks Corp.*, Case No. CV-09-9074
OSC re Removal Jurisdiction

      This action was originally filed in Los Angeles Superior Court and was removed by Defendant Starbucks Corporation ("Starbucks") on December 10, 2009, on the basis of diversity jurisdiction. The jurisdictional allegations in the Notice of Removal were insufficient because they did not apply the appropriate test for corporate citizenship. Corporate entities are citizens of their state of incorporation and the state of their principal place of business. See 28 U.S.C. 1332(c). In the Ninth Circuit, two tests are used to determine principal place of business. See, e.g., Davis v. HSBC Bank, 557 F.3d 1026, 1028 (9th Cir. 2009). Under the "place of operations test," a corporation's principal place of business is the state containing a "substantial predominance" of its corporate operations. Id. If there is no state that contains a substantial predominance of corporate operations, courts apply a "nerve center" test which asks in which state the majority of the corporation's executive and administrative functions are performed. Id. Acknowledging that some courts applying the "place of operations" test have determined that Starbucks is a citizen of California, Starbucks in its Notice of Removal nevertheless made no showing with regard to that test (or its inapplicability) and instead simply asserted that its corporate headquarters are in Washington.

      Apparently aware of this deficiency, Starbucks sought a stay of this entire action pending the United States Supreme Court's issuing a ruling in Hertz Corporation v. Friend, 08-1107, in which the Supreme Court is expected to clarify the proper test for determining a corporation's principal place of business, and thus its citizenship, for the purposes of federal diversity jurisdiction under 28 U.S.C. § 1332. On January 7, 2010, the Court denied Starbucks' request for a stay, and ordered it to show cause why this case should not be remanded to state court.

      With its Return to the Order to Show Cause, Starbucks has made an adequate showing that the requisite diversity exists and that the case was removeable by Starbucks. Plaintiff, an individual, is a citizen of Massachusetts. Complaint ¶ 2. Starbucks, in all likelihood, should be considered a citizen of Washington. It may not be necessary to make this determination, however. The Court notes that there would be complete diversity whether Starbucks is a citizen of California or of Washington, so that the only remaining question would be whether Starbucks' removal of this case violated the "no-local-defendant" limitation of 28 U.S.C. § 1441(b)). This limitation is likely waivable. See Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial § 2:629 at 2D-33 (2009); but see WRS Motion Picture & Video Lab. v. Post Modern Edit, Inc., 33 F.Supp.2d 876, 878 (C.D. Cal. 1999) (violation of 28 U.S.C. § 1441(b) "jurisdictional" unless case has proceeded to judgment on the merits). As the time for plaintiff to challenge procedural defects in the Notice of Removal has expired, see 28 U.S.C. § 1447(c), the ultimate issue - whether the Court has removal jurisdiction over this case - would probably not be affected by a determination that Starbucks is a citizen of California.

      Assuming it is appropriate to do so, the Court would find that Starbucks is a citizen of Washington. California clearly predominates as the center of Starbucks' business operations, but it is not obvious that it "substantially" predominates. The Ninth Circuit has steadfastly refused to adopt a "hard and fast rule" for substantial predominance. Davis, 557 F.3d at 1029. Rather, it "employ[s] a number of factors to determine if a given state contains a substantial predominance

of corporate activity, including: 'the location of employees, tangible property, production activities, sources of income, and where sales take place.' [Citation]." Id.

Several of these factors do suggest a substantial predominance of corporate activity in California. Twenty-two percent of Starbucks' retail stores and over 28,000 of its approximately 109,000 employees are located in California. See Russell Decl. ¶¶ 10 - 11. California is responsible for over 28% of Starbucks' net revenue. As Plaintff observes, in terms of revenue and number of retail outlets, California has more than double its proportional share of Starbucks operations. Based on percentage of the population, however, Starbucks employs a greater concentration of employees in the state of Washington than in California. Moreover, Starbucks does not own any property in connection with its roasting and distribution operations in California. Townsend Decl., Ex. A at 14. Starbucks obviously maintains a recognizable presence in all 50 states, and "is no more familiar to Californians than it is to [citizens of other states], and hence no less likely to suffer prejudice in California than elsewhere." Id. As the Ninth Circuit has observed, "when a corporation has operations spread across many states, the nerve center test is usually the correct approach." Id. It would probably be appropriate, then, for the Court to decline to conclude that California is the state containing a "substantial predominance" of Starbucks' corporate operations.

Applying the nerve center test, the Court would find that Starbucks is a citizen of Washington because its corporate headquarters are in Washington and its executive and administrative functions are performed there. See Russell Decl. at ¶¶ 3 - 7. Regardless of whether the Court feels it is necessary to decide Starbucks' citizenship (the district court's decision in WRS Motion Picture & Video Lab. suggests that it should be decided, but it is probably an outlier), the Order to Show Cause will discharged.