1   GIBSON, DUNN & CRUTCHER LLP
2   ORIN SNYDER (Admitted *Pro Hac Vice*)
    osnyder@gibsondunn.com
3   200 Park Avenue, 47th Floor
    New York, New York 10166-0193
4   Telephone: (212) 351-4000
    Facsimile: (212) 351-4035
5
6   THEANE EVANGELIS KAPUR, SBN 243570
    tkapur@gibsondunn.com
7   KATIE TOWNSEND, SBN 254321
    ktownsend@gibsondunn.com
8   333 South Grand Avenue
    Los Angeles, California 90071-3197
9   Telephone: (213) 229-7000
    Facsimile: (213) 229-7520
10  Attorneys for Defendant,
    Starbucks Corporation
11

12                  UNITED STATES DISTRICT COURT

13                 CENTRAL DISTRICT OF CALIFORNIA

14                        WESTERN DIVISION

15

| | |
|---|---|
| 16 **CARLY E. SIMON**, | CASE NO. CV09-09074 GW (PLAx) |
| 17    Plaintiff, | **DEFENDANT STARBUCKS CORPORATION'S NOTICE OF** |
| 18    v. | **MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S** |
| 19 **STARBUCKS CORPORATION**, | **COMPLAINT** |
| 20    Defendant. | [Supporting Memorandum of Points and Authorities and Declaration of Katie |
| 21 | Townsend Filed Concurrently Herewith] |
| 22 | Date:     April 1, 2010 |
| 23 | Time:     8:30 a.m. |
|  | Place:    Courtroom 10 |
| 24 | Judge:    Hon. George H. Wu |

25

26

27

28

Gibson, Dunn &
Crutcher LLP

**Defendant Starbucks Corporation's Notice Of Motion And Motion To Strike Portions Of
Plaintiff's Complaint**

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND

2    HER COUNSEL OF RECORD:

3        **PLEASE TAKE NOTICE** that on April 1, 2010, at 8:30 a.m., or as soon

4    thereafter as the matter may be heard before the Honorable George H. Wu, United

5    States District Judge, in Courtroom 10 of the United States District Court, Central

6    District of California, Western Division, Defendant Starbucks Corporation

7    ("Starbucks") will, and hereby does, move the Court for an order pursuant to Federal

8    Rule of Civil Procedure 12(f) striking immaterial and irrelevant allegations from the

9    claims in the Complaint filed by Plaintiff Carly E. Simon.

10       Starbucks seeks this relief in the alternative.  Specifically, Starbucks seeks an

11   order striking the following allegations only to the extent the Court does not grant

12   Starbucks concurrently filed Motion to Dismiss Plaintiff's Complaint and all of

13   Plaintiff's purported claim for relief with prejudice:

14       (A) Plaintiff's allegations of "unlawful" business practices in violation of Cal.

15   Bus. & Prof. Code §§ 17200, *et seq*.;

16       (B) Plaintiff's allegations of "unfair" business practices in violation of Cal. Bus.

17   & Prof. Code §§ 17200, *et seq*.;

18       (C) Plaintiff's allegations of "fraudulent" business practices in violation of Cal.

19   Bus. & Prof. Code §§ 17200, *et seq*.;

20       (D) Plaintiff's demand for "restoration of money and property acquired by

21   Defendant's unfair business practices";

22       (E) Plaintiff's demand for "restitution of benefits unfairly obtained by

23   Defendant";

24       (F) Plaintiff's demand for "attorney's fees" in connection with Plaintiff's Third

25   Cause of Action.

26       This Notice of Motion and Motion are based on the concurrently filed

27   Memorandum of Points and Authorities, any argument of counsel the Court shall wish

28

Gibson, Dunn &
Crutcher LLP

2

**Defendant Starbucks Corporation's Notice Of Motion And Motion To Strike Portions Of
Plaintiff's Complaint**

1   to entertain, the concurrently filed Declaration of Katie Townsend and exhibits thereto,

2   and all matters of which the Court shall take judicial notice.

3        This motion is made following the conference of counsel pursuant to L.R. 7-3,

4   which occurred on February 19, 2010.

5   DATED:  February 26, 2010

6                                          Orin Snyder

7                                          GIBSON, DUNN & CRUTCHER LLP

8

9                                  By:  _____/s/_____

10                                         Orin Snyder

11                          Attorneys for Defendant Starbucks Corporation

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

**Defendant Starbucks Corporation's Notice Of Motion And Motion To Strike Portions Of Plaintiff's Complaint**

# MOTION TO STRIKE

## I.  INTRODUCTION

This Court may strike allegations in a complaint that contain "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "[T]he function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 886 (9th Cir. 1983).  As explained in greater detail in Starbucks concurrently filed Memorandum of Points and Authorities, Plaintiff's Complaint should be dismissed in its entirety.  In the alternative, Defendant Starbucks moves to strike the allegations described below from the Complaint.

## II.  PLAINTIFF'S ALLEGATIONS OF UNLAWFUL CONDUCT AND/OR VIOLATIONS OF LAWS

In the alternative to its Motion to Dismiss Plaintiff's Complaint, or any of the three claims for relief stated therein, Starbucks moves to strike the following portions of Plaintiff's claim for relief under California's Unfair Competition Law, California Business & Professions Code §§ 17200, *et seq*. ("UCL").

**A.      Plaintiff's Claim of Alleged Violations of the UCL "Unlawful" Prong**

Plaintiff has failed to state a violation of the "unlawful" prong of the UCL, (Def.'s Mem. of Ps & As, Part IV.C.4), and the following allegations therefore should be stricken:

- Compl. ¶ 1, p. 2:1 (". . . .unlawful. . . .");
- Compl. ¶ 57, p. 13:1 (". . . .unlawful. . . .").

**B.      Plaintiff's Claim of Alleged Violations of the UCL "Unfair" Prong**

Plaintiff has failed to state a violation of the "unfair" prong of the UCL, (Def.'s Mem. of Ps & As, Part IV.C.3), and the following allegations therefore should be stricken:

- Compl.¶ 1, p. 2:1 ("…..unfair….");

4

**Defendant Starbucks Corporation's Notice Of Motion And Motion To Strike Portions Of Plaintiff's Complaint**

- Compl. ¶ 57, p. 13:1 ("….unfair….").

## C.   Plaintiff's Claim of Alleged Violations of the UCL "Fraudulent" Prong

Plaintiff has failed to state a violation of the "fraudulent" prong of the UCL, (Def.'s Mem. of Ps & As, Part IV.C.2), and the following allegations therefore should be stricken:

- Compl.¶ 1, p. 2:1 ("…..fraudulent….");
- Compl. ¶ 57, p. 13:1 ("….fraudulent….").

## D.   Plaintiff's Prayer For "Restitution" and "Restoration"

Starbucks also moves to strike Plaintiff's prayer for "restitution" and "restoration" because Plaintiff's Complaint seeks only non-restitutionary relief that is unavailable under the UCL.  (Def.'s Mem. of Ps & As, Part IV.C.5.)  Specifically, Starbucks requests that the Court strike the following allegations:

- Compl. ("Prayer for Relief"), p. 14:5–6 ("For all appropriate remedies under Business & Professions Code §§ 17200, et seq. including but not limited to . . . restoration of money and property acquired by Defendant's unfair business practices.").
- Compl. ("Prayer for Relief"), p. 14:5–6 ("For all appropriate remedies under Business & Professions Code §§ 17200, et seq. including but not limited to . . . restitution of benefits unfairly obtained by Defendant.").

## E.   Plaintiff's Prayer For "Attorney's Fees"

Starbucks also moves to strike Plaintiff's prayer for "attorney's fees" in connection with her Third Cause of Action because attorney's fees are unavailable under the UCL.  (Def.'s Mem. of Ps & As, Part IV.C.5.)  Specifically, Starbucks requests that the Court strike the following allegations:

- Compl. ("Prayer for Relief"), p. 14:10 ("For all appropriate remedies under Business & Professions Code §§ 17200, et seq. including but not limited to . . . attorney's fees.)

**Defendant Starbucks Corporation's Notice Of Motion And Motion To Strike Portions Of Plaintiff's Complaint**

1    DATED:  February 26, 2010

2                                          Orin Snyder
3                                          GIBSON, DUNN & CRUTCHER LLP

4

5                                          By: _____/s/_____
6                                                      Orin Snyder
                                           Attorneys for Defendant Starbucks Corporation
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

**Defendant Starbucks Corporation's Notice Of Motion And Motion To Strike Portions Of
Plaintiff's Complaint**