# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-9074-GW(PLAx) | Date | April 1, 2010 |
| Title | Carly E. Simon v. Starbucks Corporation | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Philip M. Bowman

Attorneys Present for Defendants:

Theane Evangelis Kapur
Orin Snyder

**PROCEEDINGS:** DEFENDANT'S MOTION TO DISMISS (Filed 02/26/10)

DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT (Filed 02/26/10)

Hearing is held. Court hears oral argument.

The tentative ruling circulated and attached hereto is hereby adopted as the Court's final ruling. Defendant's Motion to Dismiss is **granted with leave to amend** as to each cause of action. Defendant's Motion to Strike Portions of Plaintiff's Complaint is taken off calendar as **moot**.

Counsel for plaintiff will have until April 22, 2010 to manually file an amended complaint at the Court's civil intake department.

: 17

Initials of Preparer   JG

<u>Simon v. Starbucks Corp.</u>, Case No. CV-09-9074
Tentative Rulings on Motion to Dismiss and Motion to Strike

**BACKGROUND**

  Plaintiff Carly Simon ("Plaintiff" or "Simon") is suing Defendant Starbucks Corporation ("Defendant" or "Starbucks") for fraud, tortious interference with contract, and violation of California's Unfair Competition Law), Cal. Bus. & Prof. Code § 17200, <u>et seq.</u>. Plaintiff alleges that, on August 7, 2008, she entered into an exclusive record license agreement with StarCon LLC, dba Hear Music ("Hear Music"), a limited liability company formed by Starbucks and Concord Music Group ("Concord"). <u>See</u> Complaint ¶¶ 5, 18.

  Hear Music was formed in 2007 following the success of other collaborations between Starbucks and Concord in distributing recordings by Ray Charles and Sergio Mendes. <u>Id.</u> at ¶¶ 5-7. Starbucks placed key executives from Starbucks Entertainment, its entertainment division, at the helm of Hear Music, with the President of Starbucks Entertainment, Ken Lombard ("Lombard"), and its Vice President of Content Development, Alan Mintz ("Mintz"), serving the same roles in the new company. <u>Id.</u> at ¶ 11. The first artist signed by Hear Music was Paul McCartney. <u>Id.</u> at ¶ 12.

  Hear Music purportedly delivered a marketing plan to Plaintiff indicating that her album would be extensively marketed at Starbucks locations throughout the United States and Canada. <u>Id.</u> at ¶ 19. That plan was consistent with the announcement issued by Starbucks and Concord at the time of the formation of Hear Music that artists signed with Hear Music would have their recordings featured in and distributed at the ubiquitous Starbucks retail outlets. <u>Id.</u> at ¶¶ 8-10. In its negotiations with Simon to sign with its recording label, Hear Music highlighted its distribution relationship with Starbucks, which was an important factor in Simon's decision to enter into that contract.[1] <u>Id.</u> at ¶¶ 15-17.

  Pursuant to that contract, Simon recorded an album of original compositions ("Album") for release by Hear Music. <u>Id.</u> at ¶ 20. She also engaged in extensive planning and other activities to promote the Album, which included publicizing its availability at Starbucks coffee stores. <u>Id.</u> at ¶¶ 21-22. Five days prior to the release of the Album, however, Starbucks withdrew from the operations of Hear Music. <u>Id.</u> at ¶ 23. Plaintiff alleges that Starbucks made the decision to withdraw from Hear Music well before it was announced, and that it intentionally concealed the decision from Plaintiff. <u>Id.</u> at ¶ 24. Mintz and Lombard were both fired by Starbucks roughly contemporaneously with Starbucks' withdrawal from Hear Music. <u>Id.</u> at ¶ 25.

---

[1] A copy of the purported contract is attached as Exhibit A to the Declaration of Katie Townsend, filed with Defendant's Motion to Dismiss. Plaintiff did not attach a copy of the agreement to the Complaint, although the Complaint makes reference to its contents. Plaintiff has not objected to its being considered by the Court in connection with this motion.
  On page 18 of the agreement, paragraph 22 contains the following language: ". . . although StarCon, LLC is co-owned by Starbucks . . . and Concord . . ., it is a separate legal entity from either of those companies. Nothing in this Agreement or any past or future communications pertaining to the subject matter hereof shall be construed as imposing any obligation upon Starbucks or Concord."

   Plaintiff alleges that Starbucks' decision to withdraw from Hear Music interfered with Hear Music's ability to satisfactorily perform its obligations under its contract with her. Id. at ¶ 33. Additionally, Starbucks' withdrawal adversely effected Plaintiff's pre-withdrawal promotional strategies and efforts, which could not thereafter be either changed or fully effectuated. Id. at ¶ 27. For example, Simon appeared and performed songs from the Album at Starbucks' "flagship" store in New York City only to find that copies of her Album were not available for sale at that store. As a result of the actions alleged in the Complaint, sales of the Album were far below what was projected based on Plaintiff's prior recordings. Id. at ¶ 38.

   Plaintiff originally filed this action in Los Angeles Superior Court and it was removed by Defendant on December 10, 2009, on the basis of diversity jurisdiction. Plaintiff's Complaint alleges the following causes of action: (1) Deceit - Concealment of Material Fact (Cal. Civ. Code § 1709 and 1710); (2) Tortious Interference with Contract; and (3) Unlawful and Unfair Business Practices (Cal. Bus. & Prof. Code § 17200, et seq.). Starbucks now moves to dismiss each of Plaintiff's three claims, moving also in the alternative for an order striking various allegations from the Complaint.

**LEGAL STANDARD**

   Plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim upon which relief can be granted for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). See also Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008) ("Dismissal is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."). A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See Twombly, 550 U.S. at 558-59. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).

   In deciding a 12(b)(6) motion, the court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly subject to judicial notice and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir.), overruled in part on other grounds in Galbraith v. County of Santa Clara, 307 F.3d 1119, 112 (9th Cir. 2002). The court must construe the complaint in the light most favorable to the plaintiff and must accept all factual allegations as true. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). The court must also accept as true all reasonable inferences to be drawn from the material allegations in the complaint. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). Conclusory statements, unlike proper factual allegations, are not entitled to a presumption of truth. See Iqbal, 129 S.Ct. at 1951; Moss v. United States Secret Serv., 572 F.3d

962, 969 (9th Cir. 2009).

Rule 9(b) of the Federal Rules of Civil Procedure requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); see also Kearns v. Ford Motor Co., 567 F.3d 1120, 1124-26 (9th Cir. 2009) (applying Rule 9(b) pleading standard to unfair competition causes of action "grounded in fraud"). To allege fraud with "particularity," a complaint "must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 n.7 (9th Cir. 1994).

**ANALYSIS**

For the reasons set forth below, Defendant's motion to dismiss is GRANTED WITH LEAVE TO AMEND as to each of the three causes of action in Plaintiff's Complaint.

### First Cause of Action (Concealment)

"(T)he elements of an action for fraud and deceit based on concealment are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he (or she) did if he (or she) had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." Hahn v. Mirda, 147 Cal. App. 4th 740, 748 (2007) (internal quotation marks omitted); see also Oestreicher v. Alienware Corp., 544 F. Supp. 2d 964, 973-74 (N.D. Cal. 2008), aff'd, 322 Fed. Appx. 489 (2009). Starbuck's primary argument with respect to Plaintiff's claim for deceit is that the Complaint has not adequately alleged that Starbucks had a duty to disclose to Plaintiff the fact that it intended to withdraw from Hear Music. Alternatively, Starbucks contends that the claim is not pleaded with the level of specificity required under Rule 9(b).

Plaintiff concedes that no contractual relationship existed between her and Starbucks. It does not necessarily follow, however, that Starbucks did not have a duty to disclose material facts relating to Plaintiff's agreement with Hear Music. There could have been, for example, a relationship between Starbucks and Plaintiff based on its agents' representations to her, such that Starbucks had an obligation to disclose facts it supposedly concealed. Also, California Civil Code § 1710(3) states that an action for deceit will lie for the "suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact."

As the Complaint is currently pleaded, however, it does not allege any facts demonstrating that Starbucks made any such representations to Simon. The basis for any duty by Starbucks to disclose facts to Simon is unclear. Instead, Simon asserts that Hear Music made representations to her regarding the use of Starbucks to market and distribute her Album, but does not explain why any obligation created by these representations is attributable to Starbucks.

Most of Plaintiff's opposition consists of a refutation of a straw-man argument that privity of contract is required for there to be such a duty. Defendant made no such argument.

Rather, what Defendant correctly argued in its motion is that some "special relationship" is required in order for their to be a duty to disclose, and that California courts have held that this relationship must be a transactional relationship. See, e.g., LiMandri v. Judkins, 52 Cal. App. 4th 326, 337 (1997) ("As set forth in BAJI No. 12.36 (8th ed. 1994), 'where material facts are known to one party and not to the other, failure to disclose them is not actionable fraud unless there is some relationship between the parties which gives rise to a duty to disclose such known facts.' As a matter of common sense, such a relationship can only come into being as a result of some sort of transaction between the parties.") (italics and parenthetical omitted).[2]

Even assuming such a relationship existed, Plaintiff's argument that Starbucks owed a duty to her because the fact that it was going to withdraw from Hear Music was known only to it (and not, say, to Hear Music) is devoid of any factual support. While scienter is not required to be leaded with specificity, the facts giving rise to a duty to disclose must be. Cf. Baggett v. Hewlett-Packard Co., 582 F. Supp. 2d 1261 (C.D. Cal. 2007) (applying Rule 9(b) heightened pleading standard to a fraudulent concealment claim); Washington v. Baenziger, 673 F. Supp. 1478, 1482 (N.D. Cal. 1987) (same). Similarly unsupported is Plaintiff's contention that Starbucks actively concealed its intention to end its relationship with Hear Music from her.

Starbucks also notes the written agreement between Hear Music and Simon made no representations regarding Starbucks participation in the marketing or distribution of the Album, and expressly stated that Starbucks had no contractual relationship with or obligation to Plaintiff whatsoever. Thus, Starbucks argues, Plaintiff cannot plausibly assert that she reasonably relied upon any representations (by any party) that her Album was guaranteed "mass marketing and distribution" through Starbucks. The Court views this as a problem of proof and not a problem of pleading. Starbucks obviously cannot rely on the merger clause in Plaintiff's agreement to absolve it of a duty to make disclosures to Plaintiff if in fact it had such a duty. But Plaintiff will still have to overcome the Agreement's conspicuous lack of representations regarding marketing of the Album through Starbucks' stores.

Finally, Starbucks urges that the Complaint does not adequately allege that Plaintiff would not have acted as she did if she had known that Starbucks was going to withdraw from its relationship with Hear Music because it simply states that <u>she would have had an opportunity</u> to come up with an alternative marketing plan. Even if the Court were inclined to such a technical reading of the Complaint (which it is not), it would obviously grant leave to amend on this point.

### Second Cause of Action (Interference with Contract)

Intentional interference with contractual relations requires: (1) a valid contract between plaintiff and a third-party; (2) defendant's knowledge of the contract; (3) defendant's intentional acts designed to induce breach or disruption of the contractual relationship; (4) actual breach or disruption; and (5) resulting damage. Pacific Gas & Elec. Co. v. Bear Stearns & Co., 50 Cal. 3d 1118, 1126 (1990). To establish a claim for intentional interference with contract, a plaintiff

---

[2] However, as noted in 5 Witkin, Summary of California Law (10th Ed.): Torts § 796 at 1151: "The duty to disclose may arise without any confidential relationship where the defendant alone has knowledge of material facts that are not accessible to the plaintiff." See also Wells v. John Hancock Mut. Life Ins. Co., 85 Cal. App. 3d 66, 71-72 (1978).

need not prove that a defendant acted with the primary purpose of disrupting the contract, but must show the defendant's knowledge that the interference was certain or substantially certain to occur as a result of his or her action. Reeves v. Hanlon, 33 Cal. 4th 1140, 1148 (2004) (citing Quelimane Co. v. Stewart Title Guaranty Co., 19 Cal. 4th 26, 56 (1998)).

  Starbucks argues that Plaintiffs allegations fail to state a claim for tortious interference with contract under California law because "(1) Plaintiff received precisely what she bargained for; and (2) Plaintiff does not and cannot allege that Starbucks alleged withdrawal from Hear Music made performance of her obligations under her Agreement with Hear Music more costly or burdensome." Plaintiff does not appear to dispute the second point. Rather, she argues that Starbucks' withdrawal from its relationship with Hear Music impeded Hear Music's ability to perform its obligations under the contract.

  It is not inconceivable that the removal of a significant channel of distribution, "designed to induce breach or disruption of the contractual relationship," id., could give rise to an action for intentional interference with contract, even if Plaintiff were (as she appears to concede) unable to allege that the Defendant's acts resulted in an actual breach of the contract. Here, at most, Plaintiff alleges that Starbucks knew that ending its relationship with Hear Music would disrupt its marketing plan for the Album. While Reeves suggests that this is arguably sufficient, as the California Supreme Court explained in Quelimane:

> "The fact that this interference with the other's contract was not desired and was purely incidental in character is, however, a factor to be considered in determining whether the interference is improper. If the actor is not acting criminally nor with fraud or violence or other means wrongful in themselves but is endeavoring to advance some interest of his own, the fact that he is aware that he will cause interference with the plaintiff's contract may be regarded as such a minor and incidental consequence and so far removed from the defendant's objective that as against the plaintiff the interference may be found to be not improper." (Rest.2d Torts, § 766, com. j at p. 12.)

Quelimane, 19 Cal. 4th 26, 56 (Cal. 1998). Here, in Plaintiff's Complaint there is nothing - other than the fact that it was supposedly concealed from Plaintiff - to suggest that Starbucks' termination of its relationship with Hear Music was somehow improper. Plaintiff needs to allege more, and will be given leave to amend to attempt to do so.

    **Third Cause of Action (Cal. Bus. & Prof. Code § 17200, et seq.)**
  California's Unfair Competition Law ("UCL") protects individuals from any business act or practice that is unlawful, unfair or fraudulent. See Cal. Bus. and Prof. §§ 17200-17210. It prohibits wrongful business conduct "in whatever context such activity might occur." Alch v. Superior Court of Los Angeles, 122 Cal. App. 4th 339, 400-01 (2004); Searle v. Wyndham Intern., Inc., 102 Cal. App. 4th 1327, 1333 (2002). An unlawful business practice or act is an act or practice, committed pursuant to business activity, that is at the same time forbidden by law. Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1143 (2003). A business practice is also unfair when it offends an established public policy or is immoral, unethical, oppressive or

unscrupulous. Smith v. State Farm Mut. Auto Ins. Co., 93 Cal. App. 4th 700, 718-19 (2001). A UCL cause of action is equitable in nature, and therefore a plaintiff cannot recover damages. Korea Supply, 29 Cal. 4th at 1144. "[A]n action under the UCL is not an all-purpose substitute for a tort or contract action." Id. at 1150.

Assuming Plaintiff could allege some sort of wrongful conduct by Starbucks (i.e., that she successfully amends her Complaint to state a claim for fraudulent concealment), she technically would have standing to assert a UCL claim. She has alleged, albeit obliquely, that she suffered an injury by spending time and money promoting her Album through Starbucks' venues that she would not have spent if she had known of Starbucks' intent to withdraw from the operations of Hear Music. While she purports to seek "restoration of money and property lost as a result of Defendant's unfair or lawful business practices," however, Defendant correctly observes that her claim, clearly, is one for damages and is therefore improper under the UCL. See Bank of the West v. Superior Court, 2 Cal. 4th 1254, 1266 (1992). Plaintiff does not allege that Starbucks took any money or property from her. She therefore could not possibly be seeking "an order for restitution ... 'compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken." Id. at 1149. Thus, as it is currently pled, Plaintiff has not stated a basis for relief under California's UCL.

The third cause of action will be dismissed with leave to amend.

## CONCLUSION

Defendant's Motion to Dismiss is GRANTED with leave to amend as to each cause of action. The Motion to Strike is taken off calendar as moot.